MATHIAS MARTIN v. LAND MORTGAGE BANK OF TEXAS.

No. 411.

**1. Agreement not to Sue.**—A note secured by deed of trust stipulated for payment of interest semi-annually, and that a failure to pay interest as it matured would mature the entire obligation. Failure to pay an installment was condoned by transfer of other securities. The next payment of interest was not made. After such failure suit was brought for the entire indebtedness. *Held*, that the security for the first default would not prevent the stipulated consequence of failure to pay a subsequent installment, and hence that suit was not prematurely brought upon such failure.

**2. Compound Interest — Usury.**—The facts that the interest was to be paid by coupon notes semi-annually at the highest legal rate of interest, and that these coupons bear interest at same per cent after maturity, does not constitute usury.

**3. Forbearance to Sue.**—In absence of a stipulated time in a contract to forbear the institution of suit upon the nonpayment of the interest, it will be construed for a reasonable time. It would not extend beyond the payment of the next installment, nor prevent the consequence of its nonpayment.

**4. Practice — Pleading.**—Suit upon a moneyed obligation alleged to have matured upon nonpayment of interest due September, 1890. Defendant pleaded a contract to forbear suit upon the alleged failure. Plaintiff rejoined that the obligation had matured upon failure to pay the March, 1891, installment of interest, which was before suit. *Held*, the facts so appearing, that the suit was not prematurely brought.

APPEAL from Travis. Tried below before Hon. W. M. KEY.

*Walton, Hill & Walton*, for appellant, cited: Rev. Stats., arts. 2973, 2974; McClure v. Belvin, 47 Texas, 501; Crosby v. Huston, 1 Texas, 202.

*C. Von Carlowitz*, for appellee, cited: 15 Am. and Eng. Encycl. of Law, 777; Dunlap v. Wright, 11 Texas, 597; Machine Works v. Reiger, 64 Texas, 89; Morrison v. Bean, 15 Texas, 269; 2 Jones on Mort., 1179, 1181; Boone on Coll. Pledges, 67; Rev. Stats., art. 2981.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error, on April 4, 1891, on a promissory note, executed by the latter to the former, for $3000, borrowed money, and interest due thereon, of date March 1, 1887, and due March 1, 1892, interest payable semi-annually, on 1st of September and 1st of March of each year; the note bearing 10 per cent per annum interest, and the interest made payable by coupons attached, to bear interest at 12 per cent per annum after due. At the same time the note and coupons were executed, the payor also executed a deed of trust to secure the payment thereof on certain lands described in the petition.

It was provided in the deed of trust, that "if any part of said debt or interest remains unpaid for five days after the same falls due, immediately

thereupon the whole principal of said note, and the accrued interest thereon, shall become due and payable; and I, the said grantor, do hereby fully empower said trustee, original or successor hereunder, and it is hereby made his especial duty, at the request of the holder of said note, at any time after default as aforesaid, to enter into and retain possession of or sell the above described property, as a whole or in parcels, at public auction, either for cash or on credit, at the option of said trustee or his successor, at the court house door of the county of Travis;   *   *   * and if any part of said debt or interest remain unpaid for six months after the same falls due, then the trustee may sell the said described property, or any part thereof, privately without advertisement."

The amended petition of plaintiff below, filed May 8, 1891, set up the facts, the note, and in hæc verba the interest coupons due September 1, 1890, and March 1, 1891, and as ground for maturing the entire amount, set up the foregoing stipulation in the deed of trust and its breach by the nonpayment of the coupon due September 1, 1890.

In the third section of the answer of defendant below, he set up, that about the 25th day of January, 1891, an agreement was made between the parties, that if defendant would make an assignment to plaintiff of the current rents on the rock hotel in Burnet, Texas, and a ranch of 600 acres, owned by defendant, in Burnet and Lampasas Counties, Texas, then accruing to defendant, plaintiff would accept the same in full satisfaction of balance of accrued interest due by defendant on the interest coupon maturing on the 1st day of September, 1890; and that in pursuance of such agreement defendant made the assignment of the rents of the property for the year 1891, amounting to the sum of $30 per month for the hotel and $250 per year for the ranch, and authorized plaintiff to collect the rents as they became due and to apply the same to defendant's indebtedness aforesaid; "and thereupon, and in consideration thereof, the said plaintiff undertook, promised, and agreed with this defendant, that it would not institute suit to foreclose the mortgage described in plaintiff's petition, but would forbear to bring such suit on account of the failure of this defendant to pay the interest due September 1, 1890."

To this plaintiff replied, on June 3, 1891, that it did take an assignment of the rents mentioned merely as additional security for the interest maturing on the 1st of September, 1890, and the amount paid by it in liquidation and settlement of premium of insurance policy, and that it had succeeded in collecting, on the 22d day of March, 1891, $30 stated in original petition, and that no further sum has been paid by defendant or his tenant.   But plaintiff further replied, that if it should be held that it took the assignment of rents in payment of the balance due on the interest coupon due September 1, 1890, which is denied, then plaintiff alleges, that the interest maturing on March 1, 1891, has not been paid when due, whereby the whole debt matured under the stipulation in the

deed of trust, setting up particularly the stipulation, and invoking it as a ground for suit for the whole debt.

Plaintiff, by its suit, set up claim for amount paid by it on insurance of some of the property mortgaged, provided for in the deed of trust, to be paid by it in case defendant failed to do as he agreed to do.

Trial was had before the court without a jury, and judgment was rendered, on June 23, 1891, for plaintiff for the $3000 due on the note, $359.04 interest, and $30.90 balance due on insurance premium paid by plaintiff, all aggregating $3389.94, and $268.60 attorney fees, all to bear interest at 10 per cent per annum; foreclosing lien upon the mortgaged property as prayed for, and granting order of sale, etc.; awarding all costs against defendant, except those arising from attachment proceeding—writ levied upon land by plaintiff, which was quashed—which are adjudged against the plaintiff. Defendant has brought the case up by writ of error.

The court below filed conclusions of fact and law. There is no statement of facts in the record.

The findings of the court are as follows:

*Facts.*—"1. All the allegations in the plaintiff's amended original petition, filed May 8, 1891, up to and including the fifteenth section or paragraph, are true.

" 2. That the allegations in the plaintiff's first supplemental petition, filed June 3, 1891, to the effect that the interest coupon note maturing March 1, 1891, has not been paid, is true; and according to the express stipulations contained in the deed of trust therein described and sued on, the failure to pay said coupon note for said interest matured the entire debt.

" 3. The evidence does not sustain defendant's plea of usury.

" 4. That the allegations in the third section of defendant's answer, as to the assignment of rents accruing to defendant on certain property, and the implied agreement by plaintiff, in consideration of such assignment, to forbear suing, are true. But said agreement did not embrace any definite time of forbearance. Said assignment and agreement were made February 3, 1891.

" 5. The plaintiff, acting by C. H. Silliman, its general manager, sued out an attachment herein, and caused the same to be levied on the real estate in Taylor County belonging to defendant, as alleged, which attachment was recorded in the county as prescribed by law; which attachment, on motion of defendant, was quashed because the affidavit upon which the same was issued was not in compliance with the statute.

" 6. Defendant employed counsel to represent him in this suit, and contracted to pay therefor $250 and the expenses of said attorney while

attending the court, which amount to $50; and defendant himself has expended $50 in expenses attending this court in this cause.

"7. Defendant testified that the levy of the attachment on his land in Taylor County prevented him selling five acres of it at $150 per acre; but he did not show that the land is not still worth $150 per acre. And it was also shown that said land, when levied on and at the time of the contemplated sale, was encumbered by a mortgage lien.

"8. This suit was instituted April 4, 1891.

"9. The allegations in the fifth and ninth sections of defendant's answer, as to tenders made by him, are true."

*Conclusions of Law.*—"1. The failure to pay the coupon note for interest due September 1, 1890, matured the entire debt.

"2. The agreement to forbear, though for no specific time, must be construed to mean a reasonable time, provided defendant paid the other note for interest when it fell due.

"3. Defendant having failed to pay the note for interest due March 1, 1891, the entire debt again fell due, and the suit was not prematurely brought. The fact that the original petition did not allege that the principal became due because of the failure to pay the interest due March, 1891, but did allege that it was due because of the failure to pay the interest due September 1, 1890, ought not to subject the plaintiff to the payment of the costs of the suit, when, by pleadings filed before trial, it was alleged that the whole debt matured because of the nonpayment of the interest due March 1, 1891.

"4. Defendant's tenders, not being for the entire amount of the debt and costs, he is not entitled to any benefit therefrom.

"5. The attachment having been quashed, plaintiff must pay all costs occasioned thereby, including a sum sufficient to have the order quashing same recorded in Taylor County.

"6. The attachment having been levied on real estate only, defendant can not recover damages on his cross-action.

"7. Plaintiff is entitled to judgment for its debt as sued for, principal, interest, and attorney fee, against defendant, to a foreclosure of its mortgage lien against all defendants."

*Opinion.*—Plaintiff in error says: "The court erred in its second finding of facts, to the effect that the nonpayment of accrued interest on the 1st day of March, 1891, matured the principal debt, which at that day had one year to run, the documents in evidence and introduced by plaintiff not legally being subject to that construction."

The clause in the deed of trust herein before referred to expressly provided, that "if any part of said debt or interest remains unpaid for five days after the same falls due, immediately thereupon the whole principal

of said note and the accrued interest thereon shall become due and payable.''

We see no reason why this clause in the deed of trust should not be enforced. It is true that the amended petition did not set up the failure to pay the interest coupon due March 1, 1891, as a ground for maturing the whole debt; it claimed this for the failure to pay the interest coupon due September 1, 1890; but it did set out the nonpayment of the interest due March 1, 1891; and when defendant answered, that plaintiff had for a consideration agreed to forbear suit on the interest due September 1, 1890, plaintiff then set up the nonpayment of the interest due March 1, 1891, as maturing the entire debt. This interest accrued and matured the whole debt nearly one month before the original suit was filed. The agreement to forbear suit on interest due September 1, 1890, was expressly limited to that interest, and would not affect the maturing of the debt and the right to sue on nonpayment of interest due March 1, 1891. Inasmuch as the agreement was so limited, a reasonable time of forbearance would not extend over after the time of maturity of the next coupon. This conclusion of the court is not inconsistent with the other finding, that defendant's allegations of agreement of forbearance on the interest due September 1, 1890, were true.

Plaintiff in error assigns as error the finding of fact by the court, that '' the evidence does not sustain defendant's plea of usury,'' because the evidence, it is asserted, fully showed that defendant was charged, under the guise of interest, a bonus of $300, in addition to interest at the rate of 12 per cent per annum; and besides, the papers show on their face that the interest was compounded semi-annually.

There is no statement of facts; we have nothing but the finding of the court, which does not show the bonus claimed. The fact that the interest was to be paid by coupon notes semi-annually, and that these coupons bore interest at 12 per cent after maturity, does not constitute usury. Miner v. Bank, 53 Texas, 559; Andrews v. Hoxie, 5 Texas, 171; Roane v. Ross, 84 Texas, 46; Lewis v. Paschal, 37 Texas, 315; De Cordova v. City of Galveston, 4 Texas, 481, 482.

Plaintiff in error's third assignment of error is as follows: '' The court erred in its fourth finding of fact, that the allegations in ' the third section of defendant's answer as to the assignments [of rents] accruing to defendant on certain property, and the implied agreement by plaintiff in consideration of such assignment to forbear suing, are true. But said agreement did not embrace any definite time of forbearance. Said assignment and agreement was made February 3, 1891.' The error consists in not giving effect to the implied agreement that grew out of and flowed from said assignment [of rents]; the rent assigned being $360 per annum, and the yearly interest accruing on the debt being $300. The rents did not go by the trust to the lien holder, his lien being on the cor-

pus of the property. Subsequent to the creation of the lien on the corpus of the property, the borrower assigned the rents to pay accruing interest, which was abundant so to do. The court failed to give effect to the contract, that as long as the rents were sufficient to pay accruing interest no suit would be brought for the interest, and no advantage taken of the forfeiture clause in the deed of trust. The assignment of the rent being continuing, and being sufficient to pay the rent, the suit was prematurely brought. Whether the foregoing be exactly true or not, there flows from the assignment an implied contract that the lien holder would forbear for a reasonable length of time, under the facts and circumstances; and the court erred in not finding that from the 3rd of February to [4th of April] the date the suit was filed was not reasonable time."

The allegations in the third section of defendant's answer only set up the transfer of rents as a satisfaction of the interest due on the 1st day of September, 1890, and a forbearance to sue because of nonpayment of the same. The court's finding was, that this part of the answer "as to the assignment of rents on certain property, and the implied agreement by plaintiff, in consideration of such agreement, to forbear, are true." The meaning of the finding, then, is, that the assignment was made as stated, and that in consideration thereof plaintiff agreed to forbear bringing suit because of the failure to pay the interest falling due on the 1st day of September, 1890. The court also found all the allegations of plaintiff's amended petition, filed May 8, 1891, up to and including the fifteenth section or paragraph, to be true. The fifth and sixth sections of the amended petition allege that $50 of the interest coupon for $150 due September 1, 1890, was paid on November 18, 1890, and that the balance was due, and defendant had failed and refused to pay the same. It was also alleged in the sixth section of the petition, that no part of interest coupon due March 1, 1891, had been paid. These allegations are true, according to the findings of the court.

No definite time of forbearance was agreed to, and a reasonable time only would be implied. It was not agreed that defendant would be indulged in case of failure to pay the interest on the next maturing interest coupon, nor could such agreement be implied. It could not be implied that so long as the rents were sufficient to pay the accruing interest, no suit would be brought. Plaintiff was authorized to collect the rents mentioned; but it is evident that only $50 had been paid on the coupon due September 1, 1890, and nothing on the rest of the debt, or interest, except $30 (of the $60 due plaintiff for amount paid for insurance on mortgaged property covered and secured by the trust deed), which $30 seems to have been collected out of the rents; though whether out of the rents or not is not deemed material.

We think the court gave full effect to the assignment of and authority to collect the rents.

The fourth assignment of error has been virtually disposed of in the foregoing, and it may not be necessary to repeat what has been said, but we will notice some of the points.

It is said that the court erred in the first, second, and third deductions of law. The first is, that " the failure to pay the coupon note for interest due September 1, 1890, matured the entire debt."

In fact it did; but the assignment of the rents made after the debt had matured, February 3, 1891, surrendered the right to sue for such failure at least for a reasonable time, but, as before stated, did not surrender the right to sue on subsequent default as to other interest coupons. In this sense we understand the findings of the court below, and they are entirely consistent and correct, according to our views of the rights of the parties as before shown.

The finding, that " the agreement to forbear, though for no specific time, must be construed to mean for a reasonable time, *provided*, defendant paid the other notes when they fell due," is the correct solution of the question; and so the finding that " the defendant having failed to pay the note for interest due March 1, 1891, the entire debt again fell due, and suit was not prematurely brought," is a necessary conclusion. The suit was brought after the debt matured by default of payment of the coupon due March 1, 1891. The lower court adds to this finding: " The fact that the original petition did not allege that the principal became due because of the failure to pay the interest due March 1, 1891, but did allege that it was due because of the failure to pay the interest due September 1, 1890, ought not to subject the plaintiff to the payment of the cost of the suit, when, by pleading filed before the trial, it was alleged that the whole debt matured because of the nonpayment of the interest due March 1, 1891." This is true. What the original petition did contain we can not tell, except from the above finding; but the amended petition sets out the coupons due September 1 and March 1, but only claims that the failure to pay the one due September 1 matured the entire debt, which was also the case with the original petition, according to the finding above; but when defendant set up facts to show that plaintiff had contracted not to sue for the default on the September interest, plaintiff then replied that the default of payment on the succeeding March interest authorized the suit. It was a sufficient reply to the answer, and showed that the suit was not prematurely brought. It was sustained by the facts.

We find no error in the judgment of the court below, and it is affirmed.

*Affirmed.*

Delivered November 22, 1893.

Associate Justice KEY did not sit in this case.