### VELA et al. v. SHACKLETT et al.*
#### (No. 7914.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 5, 1927.

Rehearing Denied Dec. 23, 1927.

**1. Usury ☞47—Loan at maximum interest rate allowable held not usurious because interest was payable semiannually.**

Loan at 10 per cent., which was maximum interest rate allowable, *held* not usurious because interest was payable semiannually as it accrued.

**2. Usury ☞52—Provision, in note payable in five years, that after three years maker might make advance payments by paying 90 days' unearned interest, held not to make note usurious.**

Provision in note payable in five years, that after three years maker might pay on interest paying dates advance payments on principal by paying accrued interest then earned and in addition, as a bonus, 90 days' unearned interest, *held* not to make note usurious.

**3. Usury ☞72, 137—Contract containing usurious provision is not usurious, nor can penalty for usury be recovered until usurious interest has actually been collected.**

Contract containing usurious provision is not usurious, nor will it authorize a penalty for usury until the usurious provision has been put into actual operation and excess interest actually collected.

**4. Usury ⊕72—Contract held not usurious where alleged usurious provision had not become operative at date of default and election to declare whole debt due.**

Contract for payment of note *held* not usurious, where alleged usurious provision had not become operative at date of default in interest payments and payee's election under terms of contract to declare whole debt due.

**5. Executors and administrators ⊕439—Where executor not named in petition filed and urged plea of privilege, he made himself party.**

Where plaintiffs in petition against executors mistakenly named person not an executor and omitted name of one executor, executor omitted *held* to have made himself party by filing and urging plea of privilege.

**6. Executors and administrators ⊕439—Executor not named in petition, who urged plea of privilege, answered on merits, and was made defendant by trial amendment, held properly before court.**

Executor, who by mistake was not named in petition in suit against several executors, who joined other executors in urging plea of privilege and in filing answer on the merits, and was made defendant by plaintiff's trial amendment, *held* properly in court for all purposes.

**7. Mortgages ⊕427(2)—Trustee of trust deed is not necessary party in suit to foreclose.**

Trustee named in deed of trust is not a necessary party to a suit to foreclose the trust deed lien.

**8. Appeal and error ⊕1036(2)—Where trustee of deed of trust intervened and made himself party to suit to foreclose, defendants could not complain because he did not join in suit originally.**

Defendants in suit to foreclose lien of deed of trust could not complain because trustee did not originally join the suit to foreclose, where he intervened after they had pleaded nonjoinder and with leave of court made himself a party, joining the original plaintiff.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Action by McClellan Shacklett and another against Silveria Chapa de Vela and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Graham & Graham, of Brownsville, for appellants.

Joseph Ryan, of San Antonio, for appellees.

SMITH, J. Appellee Shacklett brought this action against appellants to recover the amount of a promissory note, including principal, interest, and attorneys' fees, and for foreclosure of a deed of trust given upon land in Hidalgo county, to secure the payment of the note. The obligation was for $6.750, with interest at the rate of 10 per cent. per annum, payable semiannually as it accrued, and provided that default in the payment of any interest installment would

operate to mature the whole obligation, at the option of the payee. It was also provided in the note that—

"* * * On and after the expiration of the third year from this date, the maker hereof shall have the privilege of paying, on interest paying dates only payments on this note, any sum or sums not less than one thousand dollars, and in amounts greater than that, but in exact thousands, provided that he can make such payments only on the following conditions: (1) * * * (2) That at the time such payment or payments is or are made, the maker hereof shall pay to the payee herein, or other —— of this note, all accrued interest then earned, and in addition thereto shall pay as a bonus for such privilege ninety days unearned or advance interest in the sum or sums so paid on the principal."

The maker of the note paid the first four interest installments, of $337.50 each, but defaulted in the payment of the fifth installment, whereupon appellee elected to declare the whole amount due, and brought this suit against the executors of the deceased maker of the note. He recovered as he prayed, and this appeal followed.

[1] Appellants resisted the payment of the note in full, contending that the contract was usurious, and that thereunder they have paid and appellee had collected interest in an amount and upon a rate in excess of that allowed by law, and sought to recover a penalty of double the amount of interest they had paid, and to offset the amount of the note with such recovery. The trial court held against appellants in these contentions.

Appellants' theory of usury is thus explained and elaborated in their brief:

"The contract provides that the maximum rate of 10 per cent. interest be paid semiannually. What is the necessary result of this provision? It is this: For the first six months the borrower has the use of the full $6,750, and at the end of the six months he must (and did) pay $337.-50, or one-half year's interest at the rate of 10 per cent., with the necessary result that for the last six months of the year he had only the use of $6,412.50 for which he was obligated to pay (and did pay) another $337.50, which interest payment is unquestionably in excess of 10 per cent. per annum. * * *

"And to turn the proposition about and look at same from the lender's standpoint: He gets for the first six months of the loan only 10 per cent. on the sum of $6,750, the principal of the loan. But for the next six months of the year he gets not only 10 per cent. on the $6,750 (the second semiannual payment), but in addition he has the use of the $337.50 paid on the first semiannual payment for the full six months of the last half of the year, and is therefore receiving during the last six months of the year not only over 10 per cent. on his loan, as above shown, but is also having the use of the additional $337.50, which is certainly worth something, be it 10 per cent. or 6 per cent. or some other per cent.

"It cannot be successfully contended, upon any

theory, that the payment of 10 per cent. interest, the highest legal rate, in semiannual payments, does not result in the payment of a higher rate than 10 per cent. on the loan for the year, and our statute expressly confines the contract rate to the year or 'per annum,' "

No authority coming to our attention supports appellants' contention, which in our opinion is fanciful and without merit. No part of the interest upon the obligation was collected, or collectible, in advance, although, so far as that is concerned, advance payment of a stipulated annual interest would not have the effect of enhancing the annual rate beyond that stipulated. This is so decided in the clear, able, and exhaustive opinion of Judge Boyce in the case of Shropshire v. Commerce Farm Credit Co. (Tex. Civ. App.) 266 S. W. 612, where the authorities upon the subject are elaborately collated and analyzed.

Here none of the interest was paid or payable until it actually accrued, was actually earned; but by agreement it was paid at the expiration of each six months, instead of at the expiration of the interest year. By agreement the total annual rate of 10 per cent. was divided into two equal payments of 5 per cent.; the payment of the first half of the interest was made at the expiration of the first half-year, the second at the expiration of the second half-year. The whole payment was 10 per cent. for the whole period of one year. By no rational computation can the annual rate be enlarged into an amount in excess of 10 per cent. 39 Cyc. 951; Harrop v. National Loan & Investment Co. of Detroit, Mich. (Tex. Civ. App.) 204 S. W. 878; Martin v. Land Mortg. Bank of Texas, 5 Tex. Civ. App. 167, 23 S. W. 1032.

[2-4] So is it contended by appellants that the contract was rendered usurious by the provision that the payee shall have the privilege of anticipating maturity, on and after the third year, by making advance payments in thousand dollar amounts, by paying all accrued interest then earned plus a bonus of 90 days' unearned interest upon the advance payments so made. We do not so construe this provision in the obligation. Under the general terms of the note no part of the principal was payable, nor could the payee be required to accept payment, until five years after the date of that instrument; under those general terms the payee was entitled to five years' interest upon the whole amount of the note at the rate of 10 per cent. per annum. The stipulation that the maker could after three years make advance payments, and thus cut down the total interest to be paid in the transaction, was for the benefit of the maker; it was an option given him, which he could exercise or not, as he desired, but which he must pay for if and when, and to whatever extent, he exercised it. The fact that the price he was to pay for it was expressed in terms of interest, rather than in a fixed amount, did not change its character into a purely interest payment. The amount was necessarily graduated by the amount of his advance payments, and could be best measured by a fixed per cent. upon the amount advanced rather than by a fixed sum. The exercise of this option was not obligatory upon the maker of the note, and even if the provision therefor was within itself usurious, it was only potentially so; it could not render the whole contract usurious until the option was exercised and the usurious provision put in actual operation. This was never done; there is no contention that it would have ever been done. Moreover, appellant by his default rendered that provision null and impossible of performance, thus eliminating it from the contract, which must be tested by its actualities and not by its defeated potentialities. In order to authorize a penalty for usury, excess interest must not only be collectible, but actually collected, under the contract. We adopt the authorities cited by appellees: 39 Cyc. p. 953; Kelly v. Collins (Tex. Civ. App.) 56 S. W. 997; Crider v. San Antonio Real Estate Building & Loan Ass'n, 89 Tex. 597, 35 S. W. 1047; Sugg v. Smith (Tex. Civ. App.) 205 S. W. 363; Clayton v. Ingram (Tex. Civ. App.) 107 S. W. 880. We hold that the transaction was without the taint of usury, and overrule appellants' first proposition.

[5, 6] Prior to the filing of this suit the maker of the note in suit died, leaving a will in which he appointed Raul Vela, J. J. Cavazos, and J. G. Fernandez as independent executors of his estate. In filing suit upon the note and for foreclosure, appellee named the widow of the maker of the note and Raul Vela, "Rafael" Cavazos, and J. G. Fernandez, as executors of said estate, as defendants. In other words, appellees named "Rafael" Cavazos as one of the executors instead of "J. J." Cavazos, the true name of the third executor. The true executors, Vela, Fernandez, and "J. J." Cavazos, jointly filed and urged a plea of privilege to be sued in Hidalgo county. This plea was overruled at the March term of the trial court, and the case went over to the next term. At that term J. J. Cavazos and his coexecutors jointly filed their answer to the merits of the case, subject to their plea of privilege, which had been previously overruled. In their answer they pleaded nonjoinder of parties based upon the failure of appellee to join J. J. Cavazos as a party defendant, whereupon appellee filed a trial amendment impleading said Cavazos as one of the executor defendants, alleging that Rafael Cavazos had been named in the original petition as one of said defendants through mistake, and prayed that J. J. Cavazos, who had theretofore appeared through his plea of privilege, as well as by his answer subject to that plea, be substi-

tuted as defendant in lieu of Rafael, who was dismissed. Appellants now complain of this procedure, contending that J. J. Cavazos was not properly before the court for the purpose of a judgment binding upon him. We overrule this complaint. When Cavazos voluntarily filed and urged his plea of privilege in the case he made himself a party, and such action constituted an appearance in his behalf, so that when his plea of privilege was overruled and he had answered to the merits at a succeeding term, subject to his overruled plea, and was made a party defendant by plaintiff's trial amendment, he was properly in court for all purposes. Appellants' second proposition is accordingly overruled.

[7, 8] Joseph Ryan was named trustee in the deed of trust sought to be foreclosed in the suit, but did not join the suit of appellee to foreclose the deed of trust lien. Appellants in their answer pleaded nonjoinder on this account, whereupon Ryan intervened, with leave of the court, and made himself a party, individually and as trustee, joining the plaintiff in the suit. Appellants complain of this procedure, by simply contending in their third proposition that "the trustee named in a deed of trust is a necessary party to the suit to foreclose a deed of trust lien upon real estate." Aside from the fact that under the law in this state such trustee is not a necessary party to such suit (Hammond v. Tarver, 89 Tex. 293, 32 S. W. 511, 34 S. W. 729), the complaint here is not tenable because the trustee was made a party to the suit, at a time and in a manner which bound him, and resulted in no injury of which appellants can complain. The third proposition is overruled.

In their fourth and fifth propositions appellants complain of the action of the court in overruling their plea of privilege to be sued in Hidalgo county. Appellants, however, appealed directly, and in a separate appeal, from this ruling of the court, in cause No. 7874, Silveria Chapa de Vela et al. v. McClellan Shacklett, 1 S. W. (2d) 670, this day decided by this court.

For the reasons given in the opinion in that case, we overrule appellants' fourth and fifth propositions, and the judgment is affirmed.

### On Motion for Rehearing.

Appellants earnestly and ably contend in their motion for rehearing that they have shown a cause of action upon their charge of usury, again citing a number of cases to support their contention. The decision most strongly relied upon by appellants is that in the case of Shropshire v. Commerce Farm Credit Co., 280 S. W. 181, by Section A of the Commission of Appeals. Even that decision, however, is not in point here, for there the contract was held to be usurious upon some

sort of theory, which we do not pretend to comprehend, that the contractual annual rate of interest was 12 per cent., which theory, if rational, rendered the contract illegal, of course. The opinion of the Commission of Appeals in that case was adopted by the Supreme Court in February, 1926, was published, and still reposes in the books as the law of the case. But it appears from the briefs of the parties in this case that the opinion of the Commission was set aside by the Supreme Court, which now has the whole case under consideration for direct determination. We hazard no diagnosis of the opinion of the Commission in that case, but if it did support appellants' position in this case, it lost the force of authority when it reached the discard.

The motion for rehearing is overruled.