## WILLIAM STOCKWELL *v.* HERBERT HOLMES.

Where the contract is not for the loan of money or of goods, nor for the forbearance of an existing debt, it cannot be usurious.

*W. C. Johnson*, for the appellant.

*Sprague & Fillmore*, for the respondent.

DENIO, Ch. J.   This action was brought to enforce three several causes of action.   One of these demands, which was for the amount of a small note held by plaintiff, was not contested.   Another was upon a contract of the defendant to deliver two tons of hay to one Darly.   The hay was not delivered and Darly assigned the demand to the plaintiff.   The finding of the referee as to this cause of action states that the defendant contracted to sell to Darly a farm for $3,000; and afterwards, these parties entered into an oral agreement by which the defendant was to deliver to Darly two tons of hay on a day and at a place named, and that he made default in delivering the hay.   This agreement is found to have been made upon a good consideration.   The finding shows a right in the plaintiff to recover the value of the hay.   But the defendant, on the trial, took an exception to the evidence by which the bargain for the hay was proved, and moved to have that evidence stricken out.   The point was, that it was parcel of the contract for the sale of the farm, which was in writing, and that it could not, therefore, be established by parol, being merged in the writing.   The testimony of Darly, by which this cause of action was sustained, was somewhat obscure; and, by one part of it, it would appear that the agreement was made prior to the signing of the written contract on the farm, and was a part of that bargain.   If this were so, it would have been merged, and the defendant's position would have been well taken.   But on a re-examination by the plaintiff's counsel he said that the agreement about the hay and some personal property was made after the contract was signed. It was, so far as the hay was concerned, upon a consideration distinct from the price which was to be paid for the farm,

The testimony seems to have been given in the first instance without objection. The defendant then moved to have it stricken out, on the ground mentioned, and he excepted to the ruling denying that motion. There would have been no propriety in striking it out. It was a question for the referee to decide upon the whole of Darly's testimony, whether it was a subsequent independent transaction or a part of the bargain for the farm.

The other cause of action related to a load of apples. The plaintiff, the defendant, and one Waters, had each a wagon load of apples at Buffalo which they desired to sell, and which a certain firm of Palmer & Beckwith were willing to purchase at $1.50 per bushel; but he could not then pay for them, but offered his check on a bank post dated ten days; and he was thought to be good. The plaintiff had about $100 in Canada money, which he had brought with him to pay to a creditor of his at Buffalo, who would not receive it, except at two per cent discount; and it was not, therefore, paid to him. An arrangement was then made between the respective owners of the three loads of apples, to the effect that they should let Palmer & Beckwith have them all; that the plaintiff should pay the defendant and Waters for their loads at the price Palmer & Beckwith were to give, and take the purchasers' check due in ten days, and the defendant and Waters should each pay the plaintiff their respective portions of the loss on the check if it was not paid. The check was dishonored, and the plaintiff sought to recover against the defendant on the agreement. There was no usury in this transaction; and no other objection than that of usury is now made to this cause of action. There was no loan of money or goods, or any contract for forbearance of an existing debt. The defendant chose to part with his apples for $1.50 per bushel in Canada money. He had just as much right to do this, as he would have had to sell them for a sum two per cent less in lawful money of the United States.

I am in favor of affirmance.

Judgment affirmed, all the judges concurring.