SMITH and others *vs.* HOLLAND, impleaded with Beebe.

After a settlement between the parties, and the giving of a note by the defendants to the plaintiffs for a sum agreed upon, but during the same interview, the defendants agreed that, in case a certain shipment of lumber, made by them, which had not yet arrived, should prove, on arrival, to contain less than 149,013 feet, at which amount it had been invoiced, the defendants would make good the deficiency. *Held* that this agreement, being subsequent to, was not merged in, the settlement; and that an action would lie, upon it, to recover the amount of a deficiency in the quantity of lumber shipped.

*Held, also,* that the agreement to make good any deficiency in the quantity of lumber, was upon a good consideration.

After judgment, a variance between the complaint and the proof is immaterial. The court may, on appeal, order an amendment, so as to conform the allegations of the complaint to the evidence.

An oral agreement, connected with a contract in writing, may be proved by parol, if subsequent and independent.

APPEAL by the defendant Holland from a judgment entered upon the report of a referee.

The action was for money had and received, and was brought to recover the value of a deficiency in the quantity of lumber shipped by the defendants to the plaintiffs. The referee found and reported the following facts:

1st. That the plaintiffs were copartners in business in the city of New York, as dealers in lumber, &c., during the times mentioned in the complaint, and that the defendants were copartners in business in Buffalo, New York, and Toledo, Ohio, during the same period. 2d. That during the year 1868, the defendants purchased and forwarded, from time to time, lumber consisting of whitewood, ash and black walnut, for and on account of the plaintiffs, under a general contract in that behalf. 3d. That in the month of December, 1868, an interview was had between the parties to this action, and a settlement made in reference to the claims of the plaintiffs in respect to alleged damages incurred by the plaintiffs, by reason of certain whitewood, chestnut and ash lumber, which had been purchased and forwarded to the plaintiffs by the defendants, not corre-

sponding in quality to the invoices of the defendants. 4th. That after the settlement, but at the same interview, the defendants agreed with the plaintiffs that if a certain shipment of black walnut lumber, a part of which had not then arrived at New York, should prove, on arrival, to contain less than 149,013 feet, at which amount it had been invoiced by the defendants, the latter would make good the deficiency. 5th. That such shipment of lumber was deficient in the number of 3850 feet. 6th. That the plaintiffs had accounted to, and paid to the defendants, for the said number of 3850 feet of black walnut lumber, the sum of $192.50. 7th. That on or about the 23d day of June, 1870, the plaintiffs demanded of the defendants said sum of $192.50. And the referee found, as a conclusion of law, that the plaintiffs were entitled to judgment against the defendants in the sum of $192.50 principal, and interest thereon, $7.84, amounting in all to the sum of $200.34, besides costs; and he ordered judgment accordingly.

*Wm. H. Green* and *F. G. Salmon*, for the appellants.

*Stephen A. Walker*, for the respondents.

*By the Court,* CARDOZO, J. The referee has found, and upon evidence justifying it, that after the note was given, upon the settlement made, the defendants agreed that in case the shipment of black walnut lumber should prove, on arrival, to contain less than 149,013 feet, at which amount it had been invoiced by the defendants, the defendants would make good the deficiency. This agreement was subsequent to the settlement, which was made upon the basis of the invoice being correct, although it was at the same interview. The proof was admissible. (*Stockwell* v. *Holmes*, 33 *N. Y.* 53.) It clearly, therefore, was not merged in the settlement; for though at the same interview, it was, as I have said, after the settlement, and

for the purpose of doing a just thing in case an item included in the settlement should turn out to be incorrect. Nor was it without consideration. Upon the basis that that lot of lumber contained 149,013 feet, the accounts had been settled. But, in fact, the lot only contained 145,163 feet. So that the defendants were allowed and paid, by the plaintiffs, for 3850 feet of lumber which they never delivered. They had, therefore, money of the plaintiffs to the amount of the price of 3850 feet of lumber, to which they were not justly entitled, and were under a moral obligation to repay it; and that moral obligation is a sufficient consideration to support the promise.

The variance between the complaint and the proof is immaterial, after judgment. We may, on this appeal, order an amendment, so as to conform the allegations of the complaint to the evidence.

The judgment should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, January 1, 1872. *Geo. G. Barnard* and *Cardozo,* Justices.]