is not a finding that there was an adverse possession and use which would ripen into an easement, nor one sufficient to sustain that conclusion. Kneller v. Lang, 137 N. Y. 589, 33 N. E. 555; Heller v. Cohen, 154 N. Y. 311, 48 N. E. 527; Lewis v. N. Y. & H. R. R. Co., 162 N. Y. 221, 56 N. E. 540.

The judgment should be reversed, and a new trial granted.

SMITH, J., concurs.

---

### KILPATRICK v. GERMANIA LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. USURY.

Provision in a note that it may be paid before maturity, on payment of principal and interest to date and $1,000 in addition, is not usurious.

2. PAYMENT UNDER DURESS.

Plaintiff gave defendant a bond, secured by mortgage, providing that, on default in interest, the principal with arrearages of interest, should, at defendant's option, become payable immediately, and also that plaintiff might before maturity pay off the principal and accrued interest, on payment in addition thereto of $1,000. Plaintiff having defaulted in interest, defendant commenced a foreclosure suit, which 16 days later was dismissed, after plaintiff, to the knowledge of defendant's attorney, had made arrangements with another for a loan with which to pay defendant. *Held,* that commencement of the suit was not a binding election to foreclose, entitling plaintiff to pay off the principal and accrued interest, without the addition of the $1,000, so that plaintiff's payment of the $1,000 to remove the lien, that he might give a mortgage for his new loan, was not under duress, so as to entitle him to recover it.

Van Brunt, P. J., and Hatch, J., dissenting.

Appeal from Special Term, New York County.

Action by James Kilpatrick against the Germania Life Insurance Company. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

A. Allen, for appellant.
J. B. Roe, for respondent.

PATTERSON, J. This action was brought to recover back the sum of $1,000, which it is claimed the defendant exacted from the plaintiff as a condition for accepting money to extinguish the lien of a mortgage upon real estate, under circumstances presently to be adverted to. The theory of the action is that the $1,000 was paid under coercion and in order to secure the discharge of the mortgage, and that, in addition, it is to be regarded as having been exacted and paid contrary to the statutes of the state against usury, and that on that ground the plaintiff has a right to recover the money. On the trial of the action the complaint was dismissed.

It is necessary to an understanding of the case that the facts be fully stated. In August, 1899, the defendant advanced to the plaintiff

$80,000, and as security for the money so advanced or loaned the plaintiff executed and delivered to the defendant his bond, to which, as collateral, he made, executed, and delivered a mortgage on real estate in the city of New York. The bond and mortgage were dated August 28, 1899, and the amount loaned and secured was to be paid on August 1, 1901, with interest at 6 per cent. per annum, until a certain time, after which it was to be at the rate of 5 per cent. per annum. The bond contained the provision that, in default in payment of interest on any day whereon the same was made payable, then and thereupon the principal sum of $80,000, with all the arrearages of interest, should, at the option of the insurance company, its successors or assigns, become and be due and payable immediately; and it also contained the following provision, out of which the present controversy arises:

"And it is further agreed that the said James Kilpatrick shall have the privilege of paying said sum of $80,000, with accrued interest thereon, at any time after the 28th day of August, 1900, and prior to the 1st day of August, 1901, upon payment to said company, in addition to said principal sum and interest, of the further sum of $1,000."

That provision as to the $1,000 is also incorporated in the mortgage. It is evident what it means, and what was intended to be accomplished by it. There was the privilege given to pay off the mortgage at the end of one year, and the payment of the sum of $1,000, in addition to the principal and interest in case the mortgage debt was paid before the 1st of August, 1901, was agreed upon as an indemnity to the Germania Life Insurance Company for the displacement of an investment and to secure it for the loss of interest while the money was lying idle seeking investment. That does not constitute a corrupt agreement for the loan or forbearance of money.

The mortgagor, Kilpatrick, failed to pay interest on August 1, 1900, and on the 6th of that month the defendant commenced a suit to foreclose the mortgage. On August 22, 1900, 16 days after this foreclosure suit was begun, the defendant procured its discontinuance, without costs. Meantime this plaintiff had been served with process in the foreclosure action, and thereupon sought to make arrangements with a third party to obtain a larger loan on the premises, out of which he would be able to pay off the mortgage of the defendant, and a discharge of the lien of that mortgage was necessary to enable him to realize upon the new loan. It is established by the testimony that the attorney for the defendant knew of the plaintiff's purpose to obtain a new loan, but it does not appear that the discontinuance of the foreclosure suit was inspired by that knowledge. Frank Kilpatrick, a nephew of the plaintiff, and who appears to have been his agent, after the foreclosure suit was begun and the notice of lis pendens filed, saw the attorney for the Germania Life Insurance Company and asked him what expense had been incurred in the matter, and told him that he thought the plaintiff would obtain a loan to pay off the mortgage before the 20 days to answer had expired, and asked if a little more time, if necessary, would not be given. He saw the attorney again after an arrangement to raise the money had been made, and then was told by the attorney that his

client had withdrawn the foreclosure suit and would simply sue for interest, and would not take the money on the mortgage without the payment of the $1,000. The further testimony is to the effect that thereafter the defendant's mortgage was paid off, and the additional $1,000 was paid, with the full understanding of all the facts; the plaintiff being advised by his attorneys that he might pay the $1,000 under protest and recover it back.

Under those circumstances, it seems to me that it cannot be said that this $1,000 was paid under coercion. A foreclosure suit had been begun, but the Germania Life Insurance Company was not bound to persist in that suit. No new agreement had been made with the plaintiff concerning the payment of the mortgage debt, and there was no binding election of the insurance company to insist upon a remedy of foreclosure. The plaintiff's agent had applied to the attorney for the mortgagee, not for an extension of time to answer, but simply for "a little time more than the 20 days" in which an answer might be interposed to obtain money from some other place to pay off the mortgage; and thereupon the insurance company elected to discontinue and abandon its foreclosure action. It had the right to sue for interest, but it left the agreement as to the $1,000 intact. When the plaintiff's agent was informed of the discontinuance of the foreclosure suit, a new mortgage had not been made. Arrangements for a new loan were made, but that was all. There was no coercion in the defendant's requiring the payment of the additional $1,000, and there was no fraud. It seems to me that the payment of the $1,000 was voluntarily made. The insurance company had not put itself in such a position that it was required to accept payment of the mortgage without the additional $1,000 being also paid. It is conceded that the defendant had a right to discontinue its foreclosure action, and that concession is expressly made in the appellant's brief. That being so, it left the parties where they stood under the original contract. A new arrangement to accept payment of the mortgage out of money to be raised on a new loan by the plaintiff is not proven. The attorney for the insurance company made no such agreement, and there is nothing to show that any officer or agent of the company made it, or had any such understanding. From all that appears, the withdrawal of the foreclosure may have been an act of grace on the part of the insurance company. Neither the plaintiff nor his agent had any conversation whatever with any officer of the insurance company on the subject.

The judgment and order should be affirmed, with costs.

O'BRIEN and LAUGHLIN, JJ., concur.

VAN BRUNT, P. J. I dissent. The defendant had elected, as it had a right to do, that the mortgage should become due. Having thus elected, and the mortgage having become due, the plaintiff had the right to pay the mortgage, and he having negotiated a new mortgage, the defendants, by demanding payment of the $1,000 before he could get rid of the old mortgage, coerced him into paying the same.

HATCH, J. I dissent from the prevailing opinion in this case. When the action was instituted to foreclose the mortgage, it was notice to the mortgagor that he was required to pay the same, and thereupon he proceeded to make arrangements to raise the money to comply with the demand thus sought to be enforced against him. After the mortgagor had made such arrangements and obtained the money elsewhere, it did not rest in the volition of the insurance company to discontinue its foreclosure action and insist upon the payment secured to be paid by the terms of the special contract. Having compelled action by the mortgagor, there was no authority in the mortgagee to change the position of the mortgagor, which had been created by the foreclosure action. Having obligated himself to take the money from a third party by the action of the mortgagee, he became entitled to pay off the mortgage, and a discontinuance of the foreclosure action could not affect such right. When, therefore, the defendant exacted as a condition of receiving the money the payment of the $1,000, it was such duress as will permit of its recovery back. Bates v. N. Y. Ins. Co., 3 Johns. Cas. 238; Buckley v. Mayor, 30 App. Div. 463, 52 N. Y. Supp. 452, affirmed 159˙ N. Y. 558, 54 N. E. 1089. As the plaintiff was required to pay the $1,000 in order to procure a discharge of the mortgage, which he was required to have discharged as a condition of obtaining the new loan, it constituted an unlawful exaction.

I think the judgment and order should, therefore, be reversed, and a new trial granted, with costs to the appellant to abide the event.