## J. B. SMITHWICK v. W. H. WHITLEY.

(Filed 20 April, 1910.)

**Usury—Notes—Payment in Advance—Interest to Maturity.**

When the payee of a note receives payment in full from the maker before maturity, only upon condition that interest shall be paid to maturity, which was accordingly done, the payee not being required by law to do so and the note itself being untainted with usury, the penalty for usury under Revisal, 1951, cannot be recovered, the transaction being the very reverse of a loan, or of an extension of credit or a forbearance necessary to sustain the action.

APPEAL from *Ward, J.,* at December Term, 1909, of BEAUFORT.

Action to recover the penalty for usury under section 1951, Revisal.

The plaintiff, being indebted to the defendant in the sum of $469.90, which was evidenced by ten notes for $46.99 each, maturing 1 January, 1902, 1903, 1904, 1905, 1906, 1907, 1908, 1909, 1910 and 1911, all notes bearing interest from 30 December, 1900, and secured by a mortgage, went to defendant to pay his indebtedness on 5 December, 1905; the defendant figured the interest due up to that time at $54.05, but refused to accept the principal and the interest due to that date, but made the plaintiff pay in addition thereto the sum of $44.62, which sum

was equal to the amount of interest on each note if it had not
been paid until maturity. The plaintiff had to pay it in order
to get his notes and mortgage. Plaintiff sued defendant for
usury. The court rendered judgment against the defendant,
who appealed.

*Ward & Grimes* for plaintiff.
*Small, MacLean & McMullan* for defendant.

BROWN, J. The plaintiff testified that the ten notes secured
by mortgage and dated 30 December, 1900, were given for the
purchase money of a tract of land purchased by plaintiff from
defendant and bore 6 per cent interest from date. Each note
was in sum of $46.99, and one matured 1 January, each year.

On 3 December, 1905, the notes due 1 January, 1902, 1903,
1904 and 1905, were due and unpaid. The remaining notes
were not due. The plaintiff then sold the land to Tilman Paul,
and on 5 December, 1905, they both went to Whitley to pay
the purchase-money debt and have the notes and mortgage sur-
rendered and canceled.

The defendant refused to accept payment for the notes not
due and refused to surrender the mortgage unless plaintiff paid
the notes not yet due in full.

In order to procure the surrender of his notes and mortgage,
plaintiff paid the entire debt in full, including the $44.62,
called in the record "unearned interest" on the notes not due.
Whereupon defendant surrendered the notes and mortgage.

Our statute entitled "Penalty for Usury" prohibits "the tak-
ing, receiving, reserving or charging a greater rate of interest
than 6 per cent, either before or after the interest may accrue,
when knowingly done." In this respect it is similar to many
of the usury statutes of this country.

While usury laws differ in some respects, there are certain
principles which are universal in their application to all. The
object of the law is to save borrowers from oppression and to
prevent extortion on them when money is loaned or credit is
otherwise extended. Therefore, it is universally held "that in
order that a transaction shall fall within the prohibition of the
statutes against usury it is essential that there should be a
*contract for the forbearance* of an existing indebtedness or a
loan of money." *Struthers v. Drexel,* 122 U. S., 487. See 29
Am. and Eng. Enc., p. 464, sec. 4, and note 5, where a large
number of cases are cited in support of the text.

There is no exception to this universal rule, that there must
be an extension of credit and an illegal compensation for it,

knowingly taken, in order to constitute usury. This is recognized in the earliest cases on the subject up to the present time.

In *Spurrie v. Mayoss,* 1 Vesey, Jr., in 1792, *Lord Commissioner Eyre* said: "Usury is taking more than the law allows upon a loan, or, as I read it, for forbearance of a debt."

*Berkley v. Wamsley,* Espinasse and Peake Rep., 11; *Barclay v. Walmsley,* East Reports, p. 55.

In this last case *Lord Ellenborough* said: "To constitute usury, there must be a direct loan and taking more than legal interest for the forbearance of repayment. Here there was no loan or forbearance, only a mere anticipation of the payment of a debt by a party before the time when by law he could be called upon to pay it."

Webb on Usury lays it down as universally held that usury cannot be established unless it is shown that a loan of money or its equivalent was contemplated by the parties. Section 20, citing an array of cases. To same effect is Tyler on Usury, p. 92: "Where there is no right to demand payment there can be no forbearance, and if no forbearance, no usury." *Lloyd v. Scott,* Fed. cases No. 8434; *Leslie v. Johnson,* 41 Barb. (N. Y.), 359.

In the American Edition of Century Digest, vol. 47, title Usury, are to be found innumerable cases sustaining this proposition, and that "anticipation of payment by paying a debt in full before due is not usury."

Vol. 29, Am. and Eng. Enc., p. 465, says: "The payment of an indebtedness by debtor before maturity is not a loan or forbearance."

It is essential, to constitute usury, that the lender shall at all events be entitled to demand repayment of the money loaned. 29 Am. and Eng. Enc., *supra,* citing many cases in notes. 22 Cyc., p. 1483. "Where the transaction shows it is not for the loan of money or goods, nor for the forbearance of an existing debt, it cannot be usurious." *Stockwell v. Holmes,* 33 N. Y., 53.

The identical question presented by this appeal has been determined by the Supreme Court of Georgia as follows, 99 Ga., 291: "Where a debt, including both principal and interest and due by installments, if paid according to the terms of the contract, is free from usury, the transaction is not rendered usurious by the voluntary payment of the debt in full before some of the installments mature, although as a result the creditor would receive, in the aggregate, a sum amounting to more than the principal and the maximum legal rate of interest."

In reference to this question, Webb says, sec. 29: "The test of usury in a contract is whether it would, if fully performed,

result in securing a greater rate of interest on the subject-matter than is allowed by law," citing a number of cases.

Tested by these principles, the defendant cannot be held to have taken usury for either a loan or a forbearance. *Lord Ellenborough* said in a similar case, *supra,* "The defendant's conduct may not be liberal or praiseworthy, but it is not usury."

It is not claimed that the original transaction, when the defendant sold the land to plaintiff, was usurious, or that defendant would have received more than 6 per cent interest had the notes run to maturity. It is admitted that the defendant was not required by law to accept payment of the unmatured notes before maturity or to surrender the mortgage.

If defendant had a good investment, he had the right to hold on to it, and if plaintiff desired to be released from his lawful and binding contract to pay interest until maturity of the debt, defendant had a right to exact payment of the $44 as compensation for such release. Defendant had as much right to sell his solvent debt at a premium to the plaintiff as to any one else. The defendant was called upon to surrender a perfectly good investment, untainted with usury and not for an extension of credit or forbearance on an obligation the debtor could not meet.

The transaction, as stated by plaintiff, is the very reverse of a loan, an extension of credit or a forbearance, without which there can be no usury. It put an end to credit instead of giving it.

There is no case in our reports sustaining the contention of the plaintiff. In *Tayloe v. Parker,* 137 N. C., 418, cited by plaintiff, there was a bonus of $35 paid for further extension of the debt. It was the reverse of the transaction under consideration. We are of opinion that his Honor erred in rendering judgment against defendant.

Reversed.