## VELA et al. v. SHACKLETT et al.
### (No. 955–5075.)

Commission of Appeals of Texas. Section "B."
Jan. 23, 1929.

Graham & Graham, of Brownsville, for plaintiffs in error.

Joseph Ryan, of San Antonio, for defendants in error.

LEDDY, J. The note sued on by defendants in error was payable five years after date, with interest thereon at the rate of 10 per cent. per annum, interest payable semiannually. It contained a stipulation giving the maker the privilege of paying same at the end of three years upon payment of a sum equal to three months' advance interest on the principal thereof.

Defendants in error admitted the execution and delivery of the note and deed of trust, presenting the sole defense of usury. It is contended that, because the Constitution of this state (article 16, § 11) provides, "contracts for a greater rate of interest than 10 per centum per annum shall be deemed usurious," the contract to pay 10 per cent. per annum with interest payable semiannually constitutes usury.

There is no merit in this contention. It has been uniformly held since an early date that a provision in the Constitution or statute limiting the rate of interest "per annum" does not refer to the time of payment, but only to the rate. In Meyer v. Muscatine, 1 Wall. 384, 17 L. Ed. 564, the Supreme Court of the United States denied a similar contention, stating: "This objection has no foundation. When a statute fixes a rate of interest per annum, it has always been held that parties may lawfully contract for the pay-

ment of that rate, before the principal debt becomes due, at periods shorter than a year. Mowry v. Bishop, 5 Paige [N. Y.] 98."

The principle announced in the above case has been repeatedly approved by numerous courts, including those of our own state. Martin v. Land Mortgage Bank, 5 Tex. Civ. App. 167, 23 S. W. 1032; Harrop v. National Loan Investment Co. (Tex. Civ. App.) 204 S. W. 878; Geisberg v. Mutual Building & Loan Ass'n (Tex. Civ. App.) 60 S. W. 478; 39 Cyc. p. 951, and authorities there cited; Goodrich v. Reynolds, 31 Ill. 490, 83 Am. Dec. 240; Brown v. Vandyke, 8 N. J. Eq. 795, 55 Am. Dec. 250; Goodale v. Wallace, 19 S. D. 405, 103 N. W. 651, 117 Am. St. Rep. 962, 9 Ann. Cas. 545; Cook v. Courtright, 40 Ohio St. 248, 48 Am. Rep. 681; Brown v. Johnson, 43 Utah, 1, 134 P. 590, 46 L. R. A. (N. S.) 1157, Ann. Cas. 1916C, 321; R. C. L. vol. 27, p. 230, § 30; note 46 Am. St. Rep. 189.

Neither the constitutional provision nor the statute defining usury (Vernon's Ann. Civ. St. 1925, art. 5069), contains any requirement that the maximum interest rate should be payable annually. Even in those jurisdictions where the requirement is made for the payment of a given rate of interest payable annually, it is held that a provision in a note for the payment of semiannual interest at the maximum rate does not render the contract usurious. Cook v. Courtright, 40 Ohio St. 248, 48 Am. Rep. 681; Hawley v. Howell, 60 Iowa, 79, 14 N. W. 199; Borner v. Prescott, 150 Wis. 197, 136 N. W. 552; Cutler v. Madison County, 56 Miss. 115.

 The further contention, that the stipulation in the note giving the maker the privilege of paying the principal thereof before maturity upon the payment of three months' advance interest renders the contract usurious, is equally without merit.

In order to constitute such a contract usurious, the lender must be entitled to demand prepayment of the money loaned. 39 Am. & Eng. Enc. of Law (2d Ed.) § 465; Smithwick v. Whitley, 152 N. C. 366, 67 S. E. 914, 28 L. R. A. (N. S.) 113, and authorities collated in note, 20 Ann. Cas. 348; Kilpatrick v. Germania Life Ins. Co., 95 App. Div. 287, 88 N. Y. S. 628. The provision in the contract for the prepayment privilege is not a contract for the forbearance of an existing indebtedness or a loan of money. Struthers v. Drexel, 122 U. S. 487, 7 S. Ct. 1293, 30 L. Ed. 1216; Tyler, Usury, 92.

The lender in this case had no right to require the payment of three months' advance interest. This was purely optional with the borrower. There being no right to demand payment, there was no forbearance, and, without forbearance, no usury. Lloyd v. Scott, 4 Cranch, C. C. 206, Fed. Cas. No. 8434; Lesley v. Johnson, 41 Barb. (N. Y.) 359.

The lender was entitled to receive the entire 10 per cent. stipulated in the note for a period of five years under a contract which was not on its face usurious. If the borrower desired to pay such note before maturity, there was no legal obligation resting upon the lender to accept anything less than the full amount of interest to the date of maturity of the note. If the lender had insisted at the end of three years upon the payment of the full amount of interest for five years, and the same had been voluntarily paid by the maker of the note, it could not be successfully contended that there was any usury in the transaction. Certainly if the lender could legally require the borrower, if he desired to pay off the note at the end of three years, to pay the five years' interest, it would not be unlawful if he permitted prepayment for a lesser amount. The stipulation giving the borrower the option of prepayment was a valuable privilege, not in the nature of compensation for the use of money; hence the lender had the right to fix the compensation therefor. Smithwick v. Whitley, supra.

 Complaint is also made that the trial court erred in refusing to sustain the several pleas of privilege urged by defendants in error. It appears from the record that the trial court entered an order overruling these pleas of privilege at a former term of court, from which an appeal was duly perfected to the Court of Civil Appeals, where the judgment of the trial court was affirmed. 1 S.W. (2d) 670. No writ of error being applied for, this judgment became final; hence we are not authorized to further consider the same.

Some matters of procedure are complained of, but we think such questions were correctly determined by the Court of Civil Appeals.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.