M. S. HATCHER AND WIFE, BETTY M. HATCHER, PLAINTIFFS v. EARL G. ROSE
AND WIFE, BONNIE H. ROSE, DEFENDANTS

No. 8920DC601

(Filed 20 March 1990)

**Payment § 5 (NCI3d) — no prepayment language in note — no right
to prepay**

    The trial court erred in finding that defendants were en-
titled to prepay their promissory note where no statute in
effect at the time of the signing of the note allowed for prepay-
ment in the absence of any language with regard thereto,
and where the common law rule was that, if there was no
provision in the contract for prepayment, the debtor could
not compel the creditor to accept early payment.

    **Am Jur 2d, Bills and Notes § 285.**

APPEAL by plaintiffs from judgment entered 7 April 1989 by
*Judge Tanya Wallace* in RICHMOND County District Court. Heard
in the Court of Appeals 14 November 1989.

This is an action on a promissory note. The uncontroverted
evidence shows that on 7 July 1983 defendants executed a note
in plaintiffs' favor in the amount of $70,000, plus nine per cent
(9%) interest per annum, for the purchase of a tract of real property
in Richmond County. The note provided that it was "payable as
follows: $629.81 due and payable August 1, 1983; $629.81 due and
payable September 1, 1983; $629.81 due and payable on the 1st
day of each successive month thereafter until paid in full." Defend-
ants made their monthly payments up to 1 April 1988. On 27
September 1988 plaintiffs filed suit, alleging that payments for
April, May, June, July, August and September of 1988 were past
due. Defendants admitted in their answer that they did not make
the payments for those months. However, defendants asserted that
they tendered full payment of the outstanding principal balance
and interest (in the amount of $63,601.21) on 11 May 1988 but
this tender was refused. Although the note did not provide for
prepayment, defendants plead accord and satisfaction in defense.
Plaintiffs assert that there is no contractual right to prepay the debt.

    The trial court granted summary judgment in favor of defend-
ants on the basis that defendants had the right to prepay the

note. The trial court also ordered plaintiffs to accept tender of the balance owed and to have the deed of trust cancelled. Plaintiffs appeal.

*Page, Page & Webb, by John T. Page, Jr., for plaintiff-appellants.*

*Leath, Bynum, Kitchin & Neal, by Henry L. Kitchin and Stephan R. Futrell, for defendant-appellees.*

EAGLES, Judge.

Plaintiffs' arguments challenge the entry of summary judgment in favor of defendants and the denial of plaintiffs' motion for summary judgment. We reverse the decision of the trial court and remand for entry of judgment in favor of plaintiffs.

A party moving for summary judgment is entitled to summary judgment if he can show, through pleadings and affidavits, that there is no genuine issue of material fact requiring a trial and that he is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56. Here there is no dispute regarding the facts. A question of law is all that is presented. Accordingly, this case was appropriate for summary judgment.

Plaintiffs argue that the trial court committed an error of law when it found defendants were entitled to prepay their promissory note, had made a legal tender and were entitled to have the note and deed of trust cancelled upon the payment of $63,601.21. Plaintiffs argue that no statutes allow for prepayment on the facts of this case. Additionally, plaintiffs argue that the common law rule is that if there is no provision in the contract for prepayment, the debtor cannot compel the creditor to accept early payment. We agree.

Plaintiffs rely on decisions where the Supreme Court has stated that unless there is provision in a contract for prepayment there is no right to prepay. In *Barbour v. Carteret County*, 255 N.C. 177, 120 S.E.2d 448 (1961), our Supreme Court stated that "a debtor cannot compel his creditor to accept payment before maturity except upon terms stipulated." *Id.* at 181, 120 S.E.2d at 451. Although *Barbour* involved the payment of bonds before their maturity, it is analogous. In both cases the prepayment of a debt was at issue and in both cases there was no contractual provision for prepayment. Additionally, in *Smithwick v. Whitley*, 152 N.C. 366, 67 S.E.

914 (1910), the Supreme Court noted without contrary comment that the plaintiff had admitted that the defendant-creditor was "not required by law to accept payment of the unmatured notes before maturity or to surrender the mortgage." *Id.* at 369, 67 S.E. at 915.

Defendants rely on language from Webster's, Real Property Law, 3rd Edition which states that "[a] mortgagor is entitled to pay off his mortgage debt and to have his land released from the security at any time and returned to him free, clear, and unencumbered." *Id.* at § 284. However, based on *Barbour, supra,* and the language in *Smithwick, supra,* we hold that at common law there was no right to compel the creditor to accept prepayment of a debt where the contract was silent as to prepayment.

We consider now whether statutory enactments affect our disposition of this case. G.S. 24-2.4 provides that "[a] borrower may prepay a loan in whole or in part without penalty where the loan instrument does not explicitly state the borrower's rights with respect to prepayment or where the provisions for prepayment are not in accordance with law." While this statute seems applicable, it became effective on 10 July 1985, two years after the promissory note involved here was signed. Plaintiffs argue that the statute should not be given retroactive effect because it would deprive plaintiffs of a vested right (i.e., the return on their investment over a period of time). *See Bolick v. American Barmag Corp.,* 306 N.C. 364, 371, 293 S.E.2d 415, 420 (1982) ("When a statute would have the effect of destroying a vested right if it were applied retroactively, it will be viewed as operating prospectively only.").

In their brief defendants agree that G.S. 24-2.4 does not apply here but they argue that G.S. 24-2.4 does not apply because another statute, G.S. 24-1.1A(b), is the controlling law regarding prepayment. G.S. 24-1.1A(b) became effective 13 June 1977 and provides that

[n]o prepayment fees shall be contracted by the borrower and lender with respect to any home loan where the principal amount borrowed is one hundred thousand dollars ($100,000) or less; otherwise a lender and a borrower may agree on any terms as to the prepayment of a home loan.

Defendants argue that the intent of the General Assembly was to protect "small-to-average" home buyers with this statute. De-

fendants would have us construe G.S. 24-1.1A(b) as allowing prepayment of loans under one hundred thousand dollars ($100,000) where the parties have not expressly agreed. Contrary to defendants' argument, G.S. 24-1.1A(b) only prohibits prepayment *penalties* on certain home loans; it does not address the issue of prepayment of the loan itself. If the General Assembly in enacting G.S. 24-1.1A(b) intended to amend the common law regarding prepayment of loans where the loan agreement is silent, they could have used the straightforward and unequivocal language subsequently enacted in 1985 as G.S. 24-2.4.

For the reasons stated, we reverse the decision of the trial court and remand for entry of judgment for plaintiffs consistent with this opinion.

Reversed and remanded.

Judges PARKER and ORR concur.