NAT. LEWIS V. PASCHAL'S ADMINISTRATOR.

1. The right to demand and recover interest for.the use of money or credit, is the creature of statute, and is to be governed by the statute ; and questions of usury are to be determined only by a reference to the statute.
2. When a contract stipulates for the payment of interest annually, or for annual rests, interest runs on the annual interest, as it accrues.
3. See this case for the construction to be given to the case of De Cordova v. the City of Galveston, 4 Texas, 482.

APPEAL from Bexar.   Tried below before the Hon. George H. Noonan.

The facts of the case are sufficiently stated in the opinion of the court.

*S. G. Newton,* for the appellant.

*Wælder & Upson,* for the appellee.   We take the position— in which we are sustained, as we think, by the authorities— that the plaintiff cannot, under any circumstances, maintain his claim to compound interest.   We are unable to discover such peculiarity in our statute as would authorize a different construction from that given to similar statutes in other States and in England.   " Parties may agree to and stipulate for any " premium or rate of interest not exceeding 12 per cent., *   * " and the same may be taken, ' recovered,' and allowed." (Pas. Digest, Section 3941.)

Some stress seems to be laid on the terms of the statute, by appellant's counsel, that interest may be taken, " recovered," and allowed.   " Taken, recovered, and allowed "—how ? Certainly, we think, in accordance with the principles of law, and the rules of construction governing in like cases.

" That an agreement to pay interest upon interest is not " usurious," we freely admit to be the settled doctrine.   But that such interest is regarded as odious, and not favored by the courts, is as well established.   Hence the older, as well as the

most recent decisions have established, that while interest, payable annually, or at stipulated times, may be demanded, received, and recovered, as it falls due; yet, when such interest is not collected or demanded when due, the party to whom it is payable has waived his right, and cannot recover compound interest at the maturity of his principal.

Appellant's counsel relies, with some confidence, as it seems, upon a dictum of Chief Justice Hemphill, in the case of De Cordova v. the City of Galveston, where he says that "the in-"terest might have, perhaps, been recovered in a separate suit; "or, if the action had been brought before the bar of the statute "the plaintiff would have been entitled (perhaps?) to annual "rests, and to interest upon the interest, in computing the "amount to be recovered."

That the Chief Justice did not, when he used that language, intend to convey his own conviction that interest upon interest can be recovered in the manner claimed in the case at bar, need not be argued here. The authorities directly upon the point are overwhelmingly the other way, and we beg leave to refer to some of them.

In ascertaining the amount due on a note, made payable with interest annually, simple interest only is to be computed, and interest on the interest will not be allowed. But, if a new note is given for the interest, it is thereby converted into capital, and it may be given with interest. (Sedgwick, Meas. Dam., 404.)

The law does not allow interest upon interest accrued, even when a note is made payable with interest annually. (Chitty on Con., 561, note 3, referring to Greenl. 49; Hastings v. Wiswall, 8 Mass., 455; 10 Leigh, 481; 19 Maine, 31.)

Interest upon interest not given. (Waring v. Cunliffe, 1 Vesey, jr., 99, and note a; also Morgan v. Mather, 2 Vesey, jr., 22, note 2.)

An original agreement to allow compound interest in future is not binding, because of the avaricious and usurious nature of such a contract. (Story on Con., Section 1033.)

Upon a note made payable in a certain number of years, with interest annually, judgment can be recovered only for simple interest on the principal sum. (Hastings *v.* Wiswall, 8 Mass., 455.)

Compound interest not allowed. (Dean *v.* Williams, 17 Mass., 417.)

The construction given by the appellant to the case of Wilcox *v.* Howland (23 Pick., 167), is not sustained. The court, in that case, say, that " interest will not be allowed on in-" terest from the time it fell due, because it would savor of usury, " and because the holder of the note, by forbearing to call for " his interest when it became due, shall be deemed to have " waived his right to have the interest converted into capital."

The two following are the later cases in Massachusetts :

The payment of compound interest is never sanctioned, except by agreement of the parties; and it has been held, both in law and equity, that it cannot be lawfully demanded, except upon agreement made after the lawful interest has become due. (Von Hemert *v.* Porter, 11 Met., 218.)

Where there has been no payment, demand, or adjustment, it has been repeatedly settled, that, in ascertaining the amount due on a note, made payable with interest annually, simple interest only is to be computed. (Ferry *v.* Ferry, 2 Cush., 98.)

Justice Parsons, in his work on Contracts, after reviewing the subject and the authorities, states his conclusions as follows :

" Upon the whole, although it seems to be well settled that " compound interest cannot be recovered, as such, even if it be " expressly promised, * * * courts will not lend their aid " to enforce its payment, unless upon a promise of a debtor, " made after the interest, upon which interest is demanded, " has accrued ; and this rule is adopted, not because such con-" tracts are usurious, or savor of usury, unless very remotely, " but upon grounds of public policy, in order to avoid harsh " and oppressive accumulations of interest." (3 Pars. on Con., 152.)

In Pennsylvania, " the doctrine of rests, or compound interest,

"has been repulsed and disallowed," in "all the cases actually "adjudicated on the subject," in the Supreme Court of that State; as stated by Justice Coulter, in the case of Dietterich *v.* Heft, 5 Barr, page 91.

We think that the court below ruled the law correctly, and respectfully ask an affirmance of the judgment.

OGDEN, J.   This suit was brought on the following instrument of writing :—

"Five years after date, I promise to pay to the order of Nat. "Lewis, three thousand two hundred and seventy-seven dol- "lars and twenty-nine cents, for value received, negotiable and "payable without defalcation or discount, with interest at the "rate of ten per cent. per annum, payable annually from date." This note was dated San Antonio, April 9th, 1857, and signed I. A. Paschal.   After the death of the maker, the note, duly authenticated, was presented to the administrator and allowed, and was approved as a legal claim against the estate of the deceased, and in 1869 and 1870 the face of the note with simple interest was paid.   The interest had not been paid annually, according to the tenor and effect of the note, and the administrator refused to pay compound interest, or interest upon interest.   This suit was brought in the District Court, asking an order compelling the administrator to pay the interest upon the interest, which had annually accrued; and this being refused, the petitioner has appealed.

There seems to be quite a marked difference of opinion among ethical and legal writers upon the subject of usury and usurious interest.   And there appears to be quite as great a diversity of opinion among elementary writers and jurists, whether compound interest, or interests with annual or periodical rests, expressly stipulated by the parties interested, could be considered usurious.   The right to demand and recover interest for the use of money or credit, is the creature of and governed by statute, and it is not claimed by any respectable legal writer that the rate or amount of interest which may

be charged and collected, is not also properly governed by statute; and, therefore, it may with great propriety be claimed that the moral as well as the legal question of usury is to be determined by a reference to the statute. That compound interest is usurious, has been strenuously maintained by many respectable writers, and by the decisions of some of our ablest courts; while others of equal merit have held that interest for the use of money or credit, and especially compound interest, is as clearly the proper and legitimate object of contract as the wages for services rendered, or to be rendered.

Parsons on Contracts, Vol. III., p. 150 says: "We are aware "of no case, in England or this country, in which a contract to "pay compound interest has been held usurious so as to be-"come totally invalid;" and again, on page 153 he says: "And "for the reason that this aversion of our law to allow money "to beget money has of late years very much diminished, we "do not think it absolutely certain that a bargain in advance "for the payment of compound interest, in all its facts reason-"able and free from suspicion of oppression, would not be en-"forced at this day in some of our courts."

Our statute under which the note sued on was executed, has no provision for, or prohibition against, compound interest, but it provides that parties may stipulate for any rate of interest not exceeding twelve per cent. per annum. And under this law, Justice Wheeler, in delivering the opinion of this court in Andrews v. Hoxie, 5 Texas, 194, says, that "an agreement to pay interest on interest is not usurious, is well settled;" and in the case of De Cordova v. the City of Galveston, 4 Texas, 482, Chief Justice Hemphill says: "The fact that the interest "was payable annually cannot affect the question. The inter-"est might have, perhaps, been recovered in a separate suit; or, "if the action had been brought before the bar of the statute, "the plaintiffs would have been entitled to annual rests, and "to interest upon the interest in computing the amount to be "recovered." And this certainly was no dictum of the Chief Justice, since the very questions there decided were distinctly

presented by the record and argued in the briefs of counsel, and we think it can hardly be questioned that he intended to decide that interest upon interest might be recovered, where there was an express stipulation for the purpose.

That the maker of the note sued on, intended, and did bind himself to pay the interest annually, and in case of a default in so doing, to pay interest upon interest, to be computed annually, we think there can be no reasonable doubt. We are of the opinion that the cases here referred to have settled the questions raised by the record of this cause, and the decisions therein composed a part of the laws of this State when the note was executed. We, therefore, are disinclined, especially since the constitutional abolition of all usury laws in this State, to question the wisdom of those decisions, or to disturb the law as by them settled. The judgment of the District Court is therefore reversed, and the cause remanded for further proceedings, in accordance with this opinion.

Reversed and remanded.