### JAMES H. CRIDER ET AL. v. SAN ANTONIO REAL ESTATE, BUILDING AND LOAN ASSOCIATION.

#### No. 428.—Decided May 25, 1896.

**Usury.**

   A promissory note does not become usurious by providing for interest at the
highest legal rate upon the amount of principal and interest due at maturity if
not then paid, though such rate would exceed lawful interest upon the principal,
such provision being in the nature of a penalty which the maker can avoid by com-
plying with his contract.    This rule is applicable to the case of a debt made pay-
able in a series of seventy-two monthly installment notes calling for interest after
maturity only, the interest to maturity of each being included in the amount for
which it was given and the whole subsequent series, to the extent of actual unpaid
principal and overdue interest, becoming immediately due on default in three of the
payments.    (Pp. 599-600.)

CERTIFIED QUESTION from the Court of Civil Appeals for the Fourth
District, on an appeal from Bexar County.

The question certified is shown by the opinion.

*B. L. Aycock* and *Jas. Raley,* for appellants.—At least thirty-six of
the seventy-two notes sued on (twenty-eight of which had been paid in
full) were on their face usurious.    Sayles' Ann. Stat., arts. 2978-2979;
Duncan v. Hough, 27 S. W. Rep., 947; Fisher v. Hoover, 3 Texas Civ.
App., 81; Brown v. Crow, 29 S. W. Rep., 653; Kimbrough v. Lukins,
70 Ind., 373; Watson v. Mims, 56 Texas, 451; Mathews v. Toogood, 37
N. W. Rep. (Neb.); 85 Ill., 102; 26 N. E. Rep., 626 (Ill.); 26 Pac. Rep.,
818 (Cal.).

It is indirectly violating the statute of usury to compound the interest, where by so doing it makes the interest greater than allowed by law. Brown v. Crow, 29 S. W. Rep., 653; Mathews v. Toogood, 37 N. W. Rep., 265.

*Simpson & Onion*, for appellee.—The notes did not bear interest until after maturity. If paid at maturity, there was no compound interest. Perley on Interest, 222 (d); Gaar v. Banking Co., 11 Bush. (Ky.), 189; Lawrence v. Cowles, 13 Ill., 577; 78 Illinois, 53; 4 Arkansas, 44; 7 Indiana, 416; 8 Mass., 257.

The fact that $30 of the principal together with interest for one month on the unpaid principal was payable monthly and bore interest after maturity, does not constitute usury. Martin v. Bank, 5 Texas Civ. App., 171; Roane v. Ross, 84 Texas, 46; Miner v. Bank, 53 Texas, 560; Lewis v Paschal, 37 Texas, 318; Mills v. Johnson, 23 Texas, 329; Andrews v. Hoxie, 5 Texas, 193; De Cordova v. Galveston, 4 Texas, 482; Guin v. New England, etc., 92 Ala., 135; Hayes v. Blake, 16 Neb., 12; Taylor v. Hilstand, 46 Ohio St., 345; Bowman v. Neeley, 151 Ill., 37; Scott v. Saffold, 37 Ga., 385; Merck v. Am. Freehold, etc., 79 Ga., 213.

GAINES, CHIEF JUSTICE.—In the above named case, now pending in the Court of Civil Appeals for the Fourth District, the following question has been certified for our determination:

"On the 10th day of April, 1891, appellee and appellants entered into a written contract, by the terms of which the association agreed to build a dwelling for appellants, according to certain plans and specifications, on lot No. six in block No. four of Paschal and Lewis' addition to the city of San Antonio. The house was constructed and completed by the appellee according to its contract, and Crider and wife obligated themselves to pay the association for its construction the sum of $2160, with interest thereon from the 10th day of April, 1891, at the rate of 12 per cent per annum, which sum was to be paid in monthly installments, each payment to be composed of $30, principal, with interest at the rate stated upon the whole amount of principal unpaid at the date of such monthly payment added. In pursuance of this agreement the appellants executed to the appellee their seventy-two promissory notes, which, except as to amount and time of maturity, are of like form, tenor and effect as the following one, viz.:

"(1)                              San Antonio, Texas, April 10, 1891.

"On the first day of June, 1891, for value received, we or either of us promise to pay to the San Antonio Real Estate, Building and Loan Association, at their office in San Antonio, Texas, the sum of sixty-five dollars and sixty cents ($65.60) with interest at twelve per cent per annum from maturity until paid, and the attorney's fee of ten per cent, should this note be collected by law. This note is secured by a lien of even date herewith, made by us to said Association, which is duly re-

corded in the Records of Bexar County, in State of Texas, and subject to no prior liens whatsoever.

"$65.60.                    (Signed)                    J. H. Crider.
                                                        "Fanny Crider."

In this note interest on $2160 at the rate of 12 per cent per annum was computed from April 10 up to June 1, 1891, and added to the $30 principal therein included. Of the other notes, number two is payable on July 1, 1891, and one on the first of each successive month until all are paid. Number two contains the same amount of principal ($30) as number one, and $21.30 interest, which is the interest, at the rate stipulated, on $2130, the amount of the principal remaining after deducting the $30 thereof included in the note copied. In the computation of interest on the principal, this deduction is made on each succeeding note, so as to make each exactly thirty cents less than the one next preceding it. These notes were secured by a lien upon the land on which the building was situated. Twenty-eight of them, numbered one to twenty-eight consecutively, were paid. Forty-four of them, from the numbers twenty-nine to seventy-two, both inclusive, are unpaid, and are the ones sued on. The contract provided that whenever any three of said notes or monthly payments remained unpaid, in whole or in part, after maturity, the balance of the notes remaining should become due and payable, and that the Association might, at any time thereafter, proceed to foreclose said debt and lien, but only to the extent of the actual unpaid principal and overdue interest, with 12 per cent interest per annum on same. When this suit was filed, May 4, 1895, more than three of the monthly payments were due and unpaid.

Question.—Under the foregoing facts, is the contract between the parties usurious?"

We are of the opinion that there was no usury in the transaction. Neither our Constitution nor our statutes contain any inhibition against compound interest, merely as such. But in this case, in the event of default in the payment of any installment of the debt and interest at their maturity, under the terms of the contract the interest then matured, as well as the unpaid principal, was thereafter to bear interest at the rate of one per cent per month. It is evident that, in the contingency named, the interest upon the matured interest and that upon the principal, added together, would exceed twelve per cent per annum, upon the principal—the highest rate allowed at the date of the contract under the law then existing. It is upon this ground, if at all, that the contract must be held as usurious. But it is generally held that, even when the debt bears the highest interest allowed by law, a stipulation that in case it be not paid at maturity the interest as well as the principal shall bear interest at the same rate, is not usurious. The ruling is placed upon the ground that the debtor has it in his power to avoid the additional interest, by paying the debt as it falls due. Some of the cases treat the interest upon the matured interest as a penalty for the default

in payment; and in Lloyd v. Scott, 4 Pet. (U. S.), 225, it is said that, where a person undertakes to pay "a specific sum, exceeding the lawful interest, provided he does not pay the principal by a day certain, it is not usury; for the reason that, by a punctual payment of the principal, he may avoid the payment of the sum stated, which is considered as a penalty."

Interest is the compensation paid for the use of money and for the forbearance to sue. A contract for compounding interest upon a loan at the highest rate allowed by law is a contract for more interest than the law permits during the term of the forbearance. But a contract for the legal rate of interest during the time of the forbearance and for interest upon interest thereafter is not usurious; because the contract contemplates a continuance of the debt after maturity, only through the default of the debtor. When the debt falls due, the creditor is as much entitled to his interest as to his principal, and if the parties have elected, in good faith, to provide for the default, and to agree that after maturity the interest shall bear interest, it is a contract for interest upon the forbearance of a new obligation which has accrued, and not a contract for additional interest upon the original principal. The principle is, in effect, recognized by this court in those cases in which we have held that an installment of interest, past due, becomes principal and bears interest without any express stipulation to that effect. Roane v. Ross, 84 Texas, 46; Lewis v. Paschal, 37 Texas, 315.

But we are not without authority in our own court upon the precise question submitted for our decision. In Miner v. Paris Exchange Bank, 53 Texas, 559, a debt was extended for nearly seven months, at what rate of interest does not appear, but the interest was added in the face of the new note, the whole being made to bear interest after maturity at 12 per cent per annum, the highest rate then allowed by law. It is evident that, unless the interest which was added in the note be treated as having become a part of the principal upon default of payment, the note bore interest after maturity at more than twelve per cent,—but the contract was held not usurious. The case is in point and is decisive of the present question. See also Lewis v. Paschal, 37 Texas, 315; Andrews v. Hoxie, 5 Texas, 194; DeCordova v. Galveston, 4 Texas, 482.

Our conclusion is also supported by the great weight of authority elsewhere. Kellogg v. Hickok, 1 Wend., 521; Simon v. Drew, 3 N. H., 40; Camp v. Bates, 11 Conn., 487; Gilmore v. Bissell, 124 Ill., 488; Pawling v. Pawling, 4 Yeates (Pa.), 220; Taylor v. Hiestand, 46 Ohio St., 343; Rodes v. Blythe, 2 B. Mon., 335; Rose v. Munford, 54 N. W. Rep. (Neb.), 129; Hale v. Hale, 1 Cold. (Tenn.), 233; Grider v. Driver, 46 Ark., 50; Scott v. Saffold, 37 Ga., 384.