### HILLSBORO OIL COMPANY v. CITIZENS NATIONAL BANK.

Decided June 6, 1903.

**Usury—Contract for Compounding Interest.**

  A contract stipulating that interest accruing each month on overdrafts to a bank shall be due and payable at the end of the month, and, if not paid then, shall bear interest at ten per cent per annum, is not tainted with usury, since it is permissible to so contract for compounding interest.

Appeal from the District Court of Hill. Tried below before Hon. W. Poindexter.

*Vaughan & Works,* for appellant.

*Wear, Morrow & Smithdeal,* for appellee.

TEMPLETON, ASSOCIATE JUSTICE.—Suit by the Hillsboro Oil Company against the Citizens National Bank of Hillsboro, Texas to recover the statutory penalty on account of the collection by the defendant from the plaintiff of interest which was alleged to be usurious. A jury trial resulted in a judgment for the defendant.

The plaintiff was for several years one of the defendant's customers. There was a verbal agreement between the parties that the plaintiff should pay interest on all overdrafts at the rate of 10 per cent per annum. In keeping the account the defendant charged the plaintiff interest at the agreed rate on the daily balances. At the end of each month the interest which had accrued during that month was charged to the plaintiff's overdraft account. By this method the interest was compounded monthly.

The plaintiff's suit was brought on the theory that the manner in which the account was kept enabled the defendant to collect interest at a greater rate than that allowed by law. The contention of the defendant was that the interest was compounded in accordance with a contract to that effect.

The court instructed the jury that there was no usury in the transaction if the plaintiff contracted that the interest should be so compounded. The evidence was sufficient to warrant a finding by the jury that the plaintiff had so contracted.

If there was a contract between the parties that the interest which accrued each month should be due and payable at the end of the month, and, if not paid when due, should bear interest at the agreed rate of 10 per cent per annum, then the contract was not usurious, and the plaintiff was bound by the terms of its obligation. The compounding of interest in that way was permissible. Crider v. Association, 89 Texas, 597. The question was whether such contract had been entered into, not whether such contract, if made, was a scheme and device to cover up usury. It was lawful for the parties to so contract, and if such was the real contract between them, the affair was not tainted with usury. There was no evidence tending to show that the parties agreed in fact that the interest should not mature monthly, but that the same should be declared due at the end of each month in order that the defendant might thereby be enabled to receive interest in excess of the rate allowed by law. The contract established by the verdict of the jury was valid in its terms, and no presumptions of illegality will be indulged against it. The same could be avoided only by the plaintiff pleading and proving that the real contract was different, and was violative in its terms of the provisions of the statute. No such case has been made, and the plaintiff must fail in its suit. In view of this holding, the other questions presented are not material.

The judgment is therefore affirmed.

*Affirmed.*