### BOTHWELL v. FARMERS' & MERCHANTS' STATE BANK & TRUST CO. OF RUSK. (No. 3659.)

Court of Civil Appeals of Texas. Texarkana. March 28, 1929.

Rehearing Denied Aug. 1, 1929.

924

Guinn & Guinn, of Rusk, for appellant.
W. T. Norman, of Rusk, for appellee.

WILLSON, C. J. (after stating the case as above). At the trial the parties agreed that appellant was adjudged a bankrupt February 17, 1928; agreed further that the bankruptcy court set apart the 10.1 acres as a homestead exempt to him under the laws of Texas; and agreed further that his application for a discharge as such bankrupt "has been (quoting) granted so far as this cause is concerned."

But for the agreement that the 10.1 acres was so set apart, it would appear in the record sent to this court that the title to all of the property owned by appellant at the date of the adjudication, including said 10.1 acres, passed to the trustee in bankruptcy, and that he alone was entitled to defend against ap-

pellee's suit and to complain of the judgment in its favor. 7 C. J. 113 et seq.

By the terms of the statute, title to property a bankrupt is entitled to claim as exempt does not pass to the trustee. 7 C. J. 353 et seq. Therefore the effect of the agreement was to show that appellant was entitled to defend against the suit so far as it was to foreclose the vendor's lien claimed by appellee on the 10.1 acres.

The ground upon which appellant defended against such a foreclosure was that he had paid the amount he agreed to pay for the 10.1 acres. The theory upon which he claimed such payment seems to have been that the contract covering his purchase of the 10.1 acres was usurious, in that it was stipulated in the notes evidencing sums he was to pay for the land that he should pay the highest rate of interest allowed by law, to wit, 10 per cent. per annum, and that he should pay such interest annually in advance. It is argued that payments made by appellant and credited as payments of interest therefore should have been applied as payments of principal instead, and that when so applied the indebtedness was satisfied in full.

█ In support of the contention that the stipulation rendered the contract usurious, appellant cites Shropshire v. Credit Co., 280 S. W. 181, where Section A of the Commission of Appeals in effect so held, in an opinion handed down February 10, 1926. Afterward a motion for a rehearing was granted and, it seems, the case is still pending for final decision.

The Shropshire Case was invoked as authority for the contention in Vela v. Shacklett, 1 S.W.(2d) 672, decided by the San Antonio Court of Civil Appeals, that a stipulation in a contract to pay semiannually 10 per cent. per annum interest rendered same usurious. The San Antonio court declined to recognize the case as authority, holding that such a stipulation did not render the contract usurious. The Supreme Court, having granted a writ of error in the Vela Case, referred it to Section B of the Commission of Appeals, which in an opinion handed down January 23, 1929, affirmed the judgment of the San Antonio Court of Civil Appeals. Vela v. Shacklett, 12 S.W.(2d) 1007. The question was directly decided to the contrary of appellant's contention by the Austin Court of Civil Appeals in Webb v. Pahde, 43 S. W. 19, and by the Galveston Court of Civil Appeals in Geisberg v. Loan Ass'n, 60 S. W. 478. The Supreme Court denied a writ of error in the last-mentioned case, and we think it should therefore be treated as establishing the general rule in this state to be that a stipulation like the one in question here to pay interest annually in advance does not render a contract usurious; and especially so since the ruling seems to be well supported by authority in other jurisdictions. Bank v. Cook, 60 Ark. 288, 30

S. W. 35, 29 L. R. A. 761, 46 Am. St. Rep. 171 and note page 189; 27 R. C. L. 225; 39 Cyc. 948, 951.

It follows from what has been said that we think appellant's contention that the contract was usurious, and that sums paid by him as interest therefore should be treated as payments on account of the principal of the notes instead, should be overruled.

█ Appellant as a witness at the trial testified that during the last part of 1925 or first part of 1926 he delivered to appellee for credit as a payment on his indebtedness for the 10.1 acres $400 he received on account of a shipment of cattle he made to Fort Worth. Appellee's cashier testified that appellant did not direct the $400 to be so applied, and that same was passed to appellant's credit on his account with appellee and afterward was checked out by him. On special issues submitted to them, the jury found that appellant did not direct appellee to so apply the $400, but instead used same for other purposes as testified to by said cashier. One of the grounds of appellant's motion for a new trial in the court below was that after the trial he found among his papers a canceled check conclusively showing that on February 23, 1926, he paid the $400 to appellee and directed that same be applied as a payment on his said indebtedness to it on account of the 10.1 acres of land. The check was admitted as evidence at the hearing on said motion, and it appeared from an indorsement on it that $109.80 of the $400 was applied as a payment of interest on said indebtedness and that the remaining $290.20 was applied as a payment on the principal thereof. At the trial of the case appellee's president and cashier testified that appellant paid $400 on the indebtedness February 23, 1926, and that the payment was applied $109.80 on the interest and $290.20 on the principal thereof; but, they testified further, and that the $400 so paid by appellant was money he was entitled to in a land transaction between him and R. J. Ford. At the hearing on said motion said cashier testified that the testimony at the trial of the case that the $400 paid by appellant was from the Ford land transaction was erroneous; that an examination he had made showed that the $400 appellant was entitled to in that transaction was credited on other indebtedness of appellant to appellee, and that the $400 paid by appellant February 23, 1926, and credited on his indebtedness for the 10.1 acres, was in fact money he received for cattle he shipped to Fort Worth. Even if it had appeared that proper diligence had been used to have the "newly discovered" evidence at the trial, the court would have had a right to overrule the motion, notwithstanding such evidence was material and showed the finding of the jury referred to to be erroneous, because the court had a right to conclude from the evidence at the hearing on the motion that appellant had in fact received the credit the newly discovered evidence showed he was entitled to.

The judgment is affirmed.

On Motion of Appellant for Additional Findings of Fact and for a Rehearing.

As stated in the opinion affirming the judgment, it was stipulated in the four notes dated October 22, 1914, that interest at the rate of 10 per cent. per annum should be paid annually in advance on the respective amounts thereof. It was not stated in said opinion, but is now: (1) That the note due October 22, 1915, bore interest from its date, and that the other three each bore interest from October 22, 1915. (2) That it was stipulated in the notes that interest accruing on the amounts thereof, if not paid when due, should also bear interest at the rate of 10 per cent. per annum from the time when such interest became due. (3) That it was stipulated, further, that failure to pay any of the notes, or any installment of interest thereon, when due, would entitle the holder to treat all the notes as due. (4) That no provision was made "for the interest (quoting from the motion for additional findings of fact) not earned to be remitted to the maker of the notes in case the notes were declared to be due before the time elapsed for which interest had been paid or charged."

█ It has been held (and the holding in Parks v. Lubbock, 92 Tex. 635, 51 S. W. 322, cited by appellant, is not to the contrary) that neither a stipulation that interest should be paid in advance (Geisberg v. Loan Ass'n [Tex. Civ. App.] 60 S. W. 478), nor a stipulation that interest should be paid on past-due interest (Crider v. Loan Ass'n, 89 Tex. 597, 35 S. W. 1047), nor a stipulation authorizing the holder of a series of notes to declare all of them payable on the failure of the maker to pay any of them, or interest on any of them, will render a contract usurious. 27 R. C. L. 234.

██ A simple calculation will show that performance by appellant of the contract according to its terms as evidenced by the four notes above referred to would not have required him to pay interest in excess of 10 per cent. per annum for use of the $990 represented by the notes. "The test of usury in a contract (it was said in Webb on Usury, § 29) is whether it would if (fully) performed, result in securing a greater rate of profit on the subject-matter than is allowed by law." Note to Smithwick v. Whitley, 28 L. R. A. (N. S.) 113. According to that test, the contract in question here was not usurious on its face. And we think the trial court had a right to conclude from the evidence that it did not appear that any interest was paid on the notes in advance, and, further, that, while it appeared the note for $240 due October 22, 1915, was paid in full, and that $290.20 was paid on the other notes February 23, 1926, it did not

appear that appellant ever paid any other sum on account of the principal of such other notes.

The motion for rehearing is overruled.