## BOTHWELL v. FARMERS' & MERCHANTS' STATE BANK & TRUST CO.*

### No. 4185.

Court of Civil Appeals of Texas. Texarkana.

May 6, 1932.

Rehearing Denied May 19, 1932.

Guinn & Guinn, of Rusk, for appellant.

Norman & Norman, of Rusk, and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

LEVY, J.

On August 24, 1931, after the reversal of the former judgment [Bothwell v. Bank (Tex. Civ. App.) 19 S.W.(2d) 923: (Tex. Sup.) 30 S.W.(2d) 289, 76 A. L. R. 1480], the appellee amended its original petition which had theretofore been filed on June 7, 1928. By the amendment the original allegations about the 10.1 acres were amended so as to ask for a foreclosure of the vendor's lien only or a recovery of the land, but the original allegations were repeated respecting the 140 acres of the N. Harrington survey, asking correction of a former judgment concerning such land or in the alternative a foreclosure of a mortgage lien against it. The amendment was prompted by the prior pleadings of the appellant setting up discharge in bankruptcy and the consequent release of liability from any personal judgment.

It was shown that J. W. Bothwell on February 26, 1925, executed a deed of trust on 140 acres of land on the N. Harrington survey, besides other tracts of land, to W. T. Norman, trustee, to secure the Farmers' & Merchants' State Bank & Trust Company in the payment of an indebtedness evidenced by note. On October 14, 1927, the bank and trust company filed suit upon the note and for foreclosure of the lien upon the several tracts of land. Due and timely service of citation was had upon the appellant. On February 20, 1928, in the trial of the suit, judgment was entered for the appellee with foreclosure of the deed of trust upon the several tracts of land. The judgment, though, as spread upon the minutes, failed to specifically or sufficiently describe the particular 140-acre tract of land included in the deed of trust. The present suit, originally filed June 7, 1928, sought to have the judgment as spread upon the minutes corrected so as to specifically describe the 140-acre tract. The petition in the alternative asked for a foreclosure of the trust lien on the 140-acre tract.

It further appears in the record that on October 22, 1914, J. P. Sears and wife, Cora Sears, executed a deed to appellant to 10.1 acres of land, reciting as a part of the purchase price four vendor's lien notes executed by the appellant, one note for $240 due Octo-

*Writ of error granted.

ber 22, 1915, and the other three for $250 each due October 22, 1916, 1917, and 1918, respectively. The 10.1 acres was used and occupied by Mr. Bothwell and wife as a homestead. The appellee thereafter, in April, 1920, became the owner of these vendor's lien notes. In 1921 these vendor's lien notes were duly renewed. Payments were shown to have been made on the notes by the appellant, but it conclusively appears that at the time of the trial a substantial sum was yet unpaid. On August 6, 1931, by deed duly acknowledged, J. P. Sears and wife conveyed to the appellee the superior title to the 10.1 acres. The present suit as originally filed on June 7, 1928, sought judgment on these notes and to foreclose the vendor's lien. It was proven that before the filing of the suit and on February 17, 1928, the appellant filed a voluntary petition in bankruptcy and was duly adjudicated a bankrupt. The 10.1 acres was scheduled in the bankruptcy and by order duly entered was expressly exempted as family homestead. No evidence appears respecting the 140-acre tract, whether or not it was scheduled, and whether or not it was held in the bankrupt court, or delivered over to appellee for its debt. The appellant was discharged in bankruptcy in August, 1928.

After hearing the evidence the court peremptorily instructed the jury to return a verdict for the appellee. The judgment as entered, in substance, established, first, the balance due and unpaid of the mortgage debt of $6,242.93 with interest, and then foreclosed the mortgage lien with order of sale of the 140-acre tract, and vested title in the appellee to the 10.1 acres. No personal judgment was entered against the appellant, because of his discharge in bankruptcy.

■■ There is presented by appellant for decision on appeal the principal point as to the 140-acre tract that, in the circumstances, the state court had no jurisdiction to entertain and foreclose the mortgage; such lien existing at the time and prior to the bankruptcy proceeding. The point rests upon the fact that the appellant was adjudicated a bankrupt, and the 140 acres was a part of the estate for creditors. It is believed the point must be overruled. The first suit by the appellee in October, 1927, prior to the adjudication in bankruptcy, sought a foreclosure of the lien on the land and a ground of action in the present proceeding was the correction of the judgment in that suit pending at the time of the filing of the bankruptcy proceeding. The right to properly correct the judgment was not lost by the bankruptcy proceeding. And it does not appear that the land was not delivered by the court of bankruptcy to appellee for its prior lien indebtedness. The debt for which the lien was given amounted to. more than the value of the land. It is within the power of the bankrupt court to decline to take possession of land incumbered by a valid lien for more than the value of the land and to surrender it to the lien holder for his debt. In any view, if the 140 acres were the subject-matter of the bankruptcy proceeding, the appellant may not defend against the appellee's suit. The point made was, in effect, decided upon the former appeal. 19 S.W.(2d) 923.

■■ As respects the 10.1-acre tract, the appellant presents the main points that (1) the action for title was barred by the ten-year statute of limitation (Rev. St. 1925, art. 5510 et seq.), and (2) the purchase-money notes had all been paid, and (3) rescission and cancellation was not allowable without refund of all the payments. It is believed that the points may not be sustained as applied to the situation shown in the evidence. Upon the appellant pleading discharge in bankruptcy from personal liability on the notes, and the evidence showing conclusively, as it did, that a balance due of the purchase money had not been paid, the appellee had the right, under the settled rule, to recover. as done, the land itself. In such circumstances a refund of any part of the purchase money paid was not essential as a prerequisite to recovery of the land itself, the appellee having acquired by deed, as shown, the superior legal title. At the time the suit was first filed the vendor's lien notes were not barred by limitation, and this fact operates to stay the bar of limitation. The evidence is quite conclusive that the appellant before the suit was filed in June, 1928, never set up adverse title or claimed adversely to appellee, and hence the claim of ten years' adverse possession could not be predicated in the evidence.

The other assignments of error, which have been fully and clearly presented, have been carefully considered, and we conclude that they should be overruled. It is believed that the trial court did not err in giving the peremptory instruction, nor in rendering the judgment as entered.

The judgment is affirmed.