### J. W. BOTHWELL v. FARMERS & MERCHANTS STATE BANK & TRUST COMPANY OF RUSK, TEXAS.

No. 6317. Decided May 29, 1935.
Rehearing overruled July 3, 1935.
(82 S. W., 2d Series, 945; 84 S. W., 2d Series, 229.)

490

*Quinn & Quinn,* of Rusk, for plaintiff in error.

The notes sued on were barred by statute of limitation. Cathey v. Weaver, 111 Texas, 515, 242 S. W., 447; Quick v. Anderson, 232 S. W., 536; Holford v. Patterson, 240 S. W., 341; Id., affirmed 113 Texas, 410, 257 S. W., 213; Citizens Natl. Bank of Hillsboro v. Graham, 117 Texas, 357, 4 S. W. (2d) 541.

*Norman & Norman,* of Rusk, *Smithdeal, Shook, Spence & Bowyer,* of Dallas, for defendant in error.

The contract was not barred by limitation. Bellamy v. Oklahoma Farm Mort. Co., 278 S. W., 181; Jolly v. Fidelity Union Tr. Co., 118 Texas, 58; Hill St. Bank v. Schindler, 33 S. W. (2d) 833.

MR. JUDGE TAYLOR delivered the opinion of Commission of Appeals, Section B.

This suit when filed involved matters not now necessary to state. Full recitals of those matters will be found in the three opinions heretofore written in the case. 19 S. W. (2d) 923, 120 Texas, 1, 30 S. W. (2d) 289, 50 S. W. (2d) 846. The case involved from the first, however, a series of four vendor's lien

notes given by J. W. Bothwell, plaintiff in error, to The First National Bank of Rusk. The notes were given as part of the consideration paid and to be paid for a 10.1 acre tract purchased by Bothwell from J. P. Sears and wife October 22, 1914. By agreement of the parties the notes were made payable to the said First National Bank of Rusk. They were subsequently acquired by the Farmers & Merchants State Bank & Trust Company of Rusk, defendant in error, through a merger with the payee bank about April, 1920. The notes were originally made due and payable 1915, 1916, 1917 and 1918, respectively. Note No. 1 for $240 was paid before suit was filed. Payment of notes Nos. 2, 3 and 4 for $250 each was duly extended to October 22, 1924. Within four years from the extended maturity the first suit was filed. In this suit foreclosure of the vendor's lien on the 10.1 acre tract was sought; also foreclosure of a mortgage lien on other tracts securing payment of other indebtedness not necessary to discuss. Bothwell, in 1928, while suit filed by the Bank to correct the judgment entered against him in the first suit was pending, filed a petition in bankruptcy, and was in that year duly declared a bankrupt. The bankruptcy court set apart to him the 10.1 acre tract as his homestead. Bothwell defended on the ground of payment, alleging that a part of the payment was made by reason of his having paid usurious interest on the notes over a period of years; that payments of interest made and credited upon the notes, should have been applied as payments of principal instead, and that when so applied, together with a payment made at a later date, satisfied notes 2, 3 and 4 in full. At that time Shropshire v. Commerce Farm Credit Company, 120 Texas, 400, 30 S. W. (2d) 282, 39 S. W. (2d) 11, holding the notes there in question usurious, had not been finally decided, and the Court of Civil Appeals following the decision to the contrary theretofore made, held the contract was not usurious. The trial court had also so held. On appeal the Supreme Court, following its holding in the Shropshire case, reversed and remanded this case on the ground that the notes here in question are usurious. 120 Texas, 1, 30 S. W. (2d) 289. No question was decided by the Supreme Court on the appeal except the usury question, and the entire judgment, including foreclosure of the mortgage lien on the other tracts, was remanded. Following the remand of the case, Bothwell interposed, among other defenses, the four and ten years statutes of limitation, and his discharge in bankruptcy. The discharge was urged as a ground of de-

fense against foreclosure of the lien on the homestead tract, as well as against personal liability.

The Bank thereafter, on August 6, 1931, procured from J. P. Sears and wife a deed to the homestead tract, and on August 24, 1931, filed its first amended original petition. In the amendment two independent counts were pleaded with reference to the three vendor's lien notes.

The allegations in one of the counts were made the basis for a foreclosure of the lien, and in the other the basis of a recovery of the land as holder of the superior title. The trial court instructed the jury to return a verdict for the Bank. The judgment as entered established the balance due and unpaid on the mortgage and foreclosed the mortgage lien with order of sale of the lands other than the homestead tract, and vested title in the Bank to that tract under its plea as to superior title. No personal judgment was entered against Bothwell on account of his discharge in bankruptcy, but writ of possession was awarded the Bank to the homestead tract. 50 S. W. (2d) 846.

The three notes here involved were held by the Supreme Court to be usurious, each on its face. Judge Greenwood, speaking for the Supreme Court in so holding, says:

"However, the court is unable to agree with the conclusion of the district court and of the Court of Civil Appeals that notes are free from usury which expressly provide for the payment of interest annually at the rate of 10 per cent, per annum in advance, and further stipulate that, on failure to pay the interest in advance, then interest shall be paid at 10 per cent, per annum, not only on the principal, but also on a year's interest." 120 Texas, 1, 30 S. W. (2d) 289, 76 A. L. R., 1480.

Each of the notes bears endorsements which read:
"Interest paid to October 22," 1916.
"Interest paid to October 22," 1917.
"Interest paid to October 22," 1918.
"Interest paid to October 22," 1919.
"Interest paid to October 22," 1920.

1 The notes being usurious, each, by the application of the foregoing credits upon the principal, was reduced to $125, leaving a balance unpaid on the three notes aggregating $375. International & B. L. Assn. v. Biering, 86 Texas, 476, 25 S. W., 622, 26 S. W., 39; Cain v. Bonner, 108 Texas, 399, 194 S. W., 1098, 3 L. R. A., 874; Cotton v. Cooper (Com. App.), 209 S. W., 135; Yonack v. Emory, 13 S. W. (2d) 667.

It is urged by Bothwell that the balance due after applying the usurious interest credits toward the discharge of the principal, was discharged by a $400 payment made on the notes on February 23, 1926. The evidence shows conclusively that such payment was made and applied as a credit on the indebtedness represented by the renewal of these notes. The renewals and extensions were made after defendant in error Bank acquired the notes, but each note revealed on its face the taint of usury. The status of the indebtedness following its respective renewals and extensions is clearly set out in the brief of the Bank filed while the case was pending in the Court of Civil Appeals. The pertinent part touching this point reads:

"In so far as the First National Bank was concerned, it had Bothwell's notes for the principal sum of $990.00. During the time that the First National Bank owned these notes Bothwell paid off the first of the notes and the interest thereon, leaving an unpaid principal of $750.00. Prior to April 20, 1920, Bothwell had paid the First National Bank interest on these three notes to October 22, 1920. In April, 1920, after this payment, the F. & M. State Bank & Trust Company acquired the notes from the First National Bank, paying therefor the face amount of $750.00. On January 19, 1921, a renewal agreement was entered into between F. & M. State Bank & Trust Company and Bothwell, in which it was recited that the three notes sued on herein were unpaid and that there was due thereon the principal sum of $750.00, and the time for payment was extended to October 22, 1921, 1922 and 1923, respectively, and it was provided that the principal sum of $750.00 should bear interest from the 22nd of October, 1920, at the rate of ten per cent, per annum. While this agreement provided that the debt should bear interest from a time anterior to the date of renewal, in this renewal no interest on interest was charged by the F. & M. State Bank & Trust Company. * * * Thereafterwards, on the 16th of June, 1924, F. & M. State Bank & Trust Company renewed the indebtedness, to which renewal compound interest with annual rests, was calculated at the rate of ten per cent, per annum, to the 22nd of October, 1924, and the whole amount of $1098.07, thus ascertained, was renewed to, and was made payable on, the 22nd of October, 1924, with interest thereon after maturity at the rate of ten per cent, per annum. This was a lawful contract. Andrews v. Hoxie, 5 Texas, 171; Geisberg v. Loan Assn., 60 S. W., 478; Crider v. Loan Assn., 89 Texas, 597, 65 S. W., 1047. A rest was not made on the 10th of June, 1924, and new principal arrived at,

but the whole amount was carried until the 22nd of October, 1924. This sum, therefore, was a valid debt not only for the principal amount of $750.00 but also for the interest exactly calculated on the sum at the rate of ten per cent, per annum, compounded annually,—resulting in a new principal of $1,-098.07. The only sum ever paid to the F. & M. State Bank & Trust Company was $400.00 on the 23rd of February, 1926. Interest on the $1098.07 had been past due since the 22nd of October, 1925; notwithstanding which, only $109.80 was paid and received as interest, and $290.20 was paid and received as a payment on principal, and so credited."

It appears from the foregoing statement, as well as otherwise from the record, that the amounts of the extensions respectively were made up of $750 as a balance due on the notes, and the interest that had accrued thereon.

2 It is true, as contended by the Bank, that interest which has lawfully matured upon a debt may, together with the principal, thereafter bear interest at the highest rate, compounded. Judge Greenwood, speaking for the Court, so held in this case, citing as authority Andrews v. Hoxie and Crider v. San Antonio Loan Assn., supra, saying:

"But the question which now confronts the court is whether a rule difficult to sustain in reason, save as a rule of property, which sanctions the advance deduction of interest at the highest conventional rate on short-term loans, and which sanctions the compounding of interest at the highest permissible rate after it has run and matured for part of the term of a loan, shall be extended to countenance the compounding of interest at the highest legal rate in advance of expiration of any part of the term for which the loan is made. Common sense counsels against extension of a rule not entirely defensible on principle. No less urgent is the protest of common sense against allowing a thing to be done indirectly which the law forbids being done directly."

While it is claimed by the Bank that the amount of interest actually charged and included in the renewal amounts was at the rate of only 10 per cent compounded annually, nevertheless the interest stipulation in the notes remained the same, that is, "at the rate of 10 per cent, per annum, the interest payable annually in advance as it accrues." The notes carried also the usual accelerated maturity clause.

3 Deducting from the last renewal amount the five years' usurious interest credited on the notes, and eliminating the in-

terest thereafter accruing either upon the notes or extensions thereof, all of which was necessarily usurious, the balance remaining unpaid on February 23, 1926, was $375. The notes were therefore fully paid on that date when the $400 payment was made. The purchase money indebtedness having thus been paid in full at that time, the deed procured by the Bank from Sears and wife in August, 1931, conveying to it the 10.1 acre tract, was ineffective as a basis for recovery by it of the land.

It is unnecessary to pass upon the questions of limitation, or those raised by the discharge in bankruptcy. The judgments of the trial court and Court of Civil Appeals are affirmed as to all matters except the vesting of title to the 10.1 acre tract in defendant in error Bank and awarding writ of possession. That part of the judgment so vesting title and awarding the writ is reversed and remanded to the trial court with instructions to render judgment denying defendant in error its relief sought either by way of foreclosure of lien on the three notes in question, or for recovery of the 10.1 acre tract of land.

Opinion adopted by the Supreme Court May 29, 1935.

### ON REHEARING.

Upon original hearing the judgments of the trial court and Court of Civil Appeals were affirmed except that part of the judgment vesting title to the 10.1 acre tract in question in defendant in error Bank. This part of the judgment was reversed and remanded to the trial court with instructions to deny defendant in error recovery of the tract referred to. The reversal of the judgment as to this tract was predicated upon the view that the three notes outstanding against it and sued upon by the Bank, were paid off and discharged by crediting against their respective principals the usurious interest theretofore paid by Bothwell.

Applying the state law applicable to interest bearing contracts other than those in which a national bank is a payee, the conclusion reached was correct. It is pointed out in defendant in error's motion for rehearing that the usurious interest in question was paid to the First National Bank prior to its merger with defendant in error Bank.

4,5 It is settled that usurious interest on a note in which a National Banking Corporation is payee and owner cannot be credited upon the principal. The only remedy provided for the payor in such case is an original action by him in the nature

of an action for debt to recover the penalty. Secs. 85 and 86, U. S. Code, Title 12; Barnett v. Muncie National Bank, 98 U. S., 559, 25 L. ed., 212; Schuyler Nat. Bk. v. Gadsden, 191 U.. S., 451, 48 L. ed., 258, 24 Sup. Ct., 129; Huggins v. Citizens National Bank (writ refused), 6 Texas Civ. App., 33, 24 S. W., 926; Rosetti v. Lozano, 96 Texas, 57, 70 S. W., 204. The provisions of the national code cited fixing the rate of interest which may be taken by a national bank and imposing penalties for taking usurious interest, are held in the cases cited to be exclusive of state legislation. They supersede the state usury laws so far as national banks are concerned, except, of course, the statutory provision fixing the legal rate of interest in the state. This provision is not within the purview of the federal enactments. Notwithstanding state courts have concurrent jurisdiction with federal courts in actions by and against national banks, the pleading and practice prescribed by the state legislature as to counterclaims can not be employed to defeat the intention of a federal enactment. Planters' Nat. Bk. of Virginia v. Wysong & Miles Co., 99 S. E., 199, 12 A. L. R., 1412, certiorari denied, 250 U. S., 665, 40 Sup. Ct., 12, 64 L. ed., 1197.

The notes in the case at bar were held by the Supreme Court upon a former appeal of the case to be usurious under both the state and federal statutes. 120 Texas, 1, 30 S. W. (2d) 292. The question of allowing Bothwell an offset against the principal debt in the amount of usurious interest paid, was not then presented by the record. Upon reversal of the case the Bank by supplemental petition invoked sections 85 and 86 of the United States Code, supra. Under the decisions cited the Federal rule must be applied, and the plea of offset denied.

6 Defendant Bothwell relies also upon his plea of the four and ten year statutes of limitation. As pointed out in the opinion upon original hearing plaintiff in the suit as originally filed sought to foreclose the vendor's lien retained in the three notes in question against the 10.1 acre tract. The suit was between the original purchaser, Bothwell, and the holder of the notes. Bothwell had twice renewed the notes, and the foreclosure suit was filed within less than four years from the date of maturity as last extended.

It is elementary that the filing of a suit stops the running of limitation. By amendment the nature of the suit was changed by plaintiff as to the 10.1 acre tract from a foreclosure suit to a suit to recover the superior title to the land. The amended petitions were filed more than four years after the extended

maturity date. The Bank contends that the cause of action therein set up was not wholly based upon a new, distinct or different transaction, and for this reason was not barred because of article 5539b, Supp. Vernon's Complete Tex. Statutes, p. 443. It is not necessary to determine this question, as the cause of action based upon the superior title plea was not barred for another reason urged by the Bank.

The debt was not barred. It was kept alive by the two extensions procured by Bothwell and the filing of the suit. In Wier v. Yates, 237 S. W., 623, the note and lien had been renewed. It was contended the superior title was barred four years after the maturity date of the note as given in the original contract. The contention was made by virtue of what is now article 5520-1, R. S., 1925. The Court of Civil Appeals overruled the contention, holding that as the note and lien were extended under the provisions of the article referred to before they became barred, the period of four years limitation against the superior title was interrupted, and did not run again until the note matured under the terms of the extension. Application for writ of error was refused. Booty v. O'Connor, 287 S. W., 282, followed Wier v. Yates, and further held that where the purchase money had not been paid, and the purchasers had not offered to do equity with reference to it, they might not defeat the right of the holders of the vendor's lien by showing valuable improvements. Writ was refused in this case.

Cathey v. Weaver, 111 Texas, 515, 242 S. W., 447, has no application to the facts of this case. The notes there involved were barred when the 1913 amendment was adopted, and the foreclosure suit was filed more than a year after its adoption. No question of the right of the original vendor and vendee to renew and extend the debt by contract, as was done in this case, was involved. The following excerpt from the opinion shows the question there decided:

"But, when we come to examine Paragraph (6) of this article, as amended, we find an express reference to and remedy for the holders of the superior title to lands. This paragraph provided that one owning the superior title to land retained in any deed of conveyance, or his transferee, or those subsequently acquiring such superior title by transfer, should have twelve months after the Act took effect within which to bring suit for the recovery of the land. This manifestly referred to those instances where the notes were barred *when* the Act became effective, because the previous article (Art. 5694) did not bar

this particular right, when the notes were still alive, until four years after they became due. This paragraph therefore provided a specific remedy for those holding the superior title to land retained in deeds of conveyance *when the notes were barred at the time the amendment became the law.*" (Italics ours.)

7 The Bank was entitled to its relief by foreclosure until the debt was repudiated by Bothwell. On July 21, 1928, he procured his discharge in bankruptcy, and about three years later pleaded his discharge as a defense to the foreclosure suit. The Bank then procured from Sears and wife, Bothwell's vendors, a deed which vested in it the superior title to the 10.1 acre tract, and by amended supplemental petition sued to recover the land. The repudiation accrued within less than four years before the filing of the Bank's amendment. There had at that time been no irrevocable election to foreclose, nor had limitation barred the right to recover the land. There is no material distinction under the facts of this case between pleading limitation as in bar of the Bank's right to foreclose and discharge in bankruptcy as a bar to such right. It is settled that by pleading limitation the maker of the note cannot defeat the action for the debt, and still claim the land under a contract with which he has refused to comply. Gardener v. Griffiths, 93 Texas, 355, 55 S. W., 314; Walls v. Cruse (Com. App.), 235 S. W., 199.

8 It is obvious from what has been said in holding the Bank's right to recover the land not barred under the four year statute of limitation, that the right is not barred under the ten year statute. Bothwell's possession is under an executory contract of sale. The purchase money notes not being paid, and less than ten years having elapsed after his repudiation of the contract before the Bank sued to recover the land, the ten year statute does not apply. The Bank's cause of action to recover the land was not barred by either the four or ten year statute when it filed its amendment seeking such recovery.

There is no error in any of the remaining assignments warranting a reversal of the case. The reversal of that part of the judgment vesting title to the 10.1 acre tract was predicated upon the conclusion that the purchase money notes had been fully discharged. It appears they have not been paid; also that the limitation statutes invoked are unavailing. The Bank is therefore entitled to its relief.

The judgment on original hearing is set aside, and the judgment of the trial court and Court of Civil Appeals are affirmed.

Opinion adopted by Supreme Court July 3, 1935.