## BOTHWELL et al. v. FARMERS & MERCHANTS STATE BANK & TRUST CO.

### No. 5207.

Court of Civil Appeals of Texas. Texarkana.

May 19, 1938.

Rehearing Denied June 2, 1938.

Guinn & Guinn, of Rusk, for plaintiffs in error.

Norman & Norman, of Rusk, and Smithdeal, Shook & Lefkowitz, of Dallas, for defendant in error.

JOHNSON, Chief Justice.

On October 22, 1914, J. P. Sears and wife, Cora M. Sears, conveyed to J. W. Bothwell 10.1 acres of land located in the city of Rusk, Cherokee County, Texas. As a part of the purchase price for said land J. W. Bothwell and wife, Minnie Bothwell, conveyed to said Sears and wife a certain tract of land then owned and occupied by Bothwell and wife as their homestead in said county. And as additional consideration for the deed from Sears and wife, J. W. Bothwell executed his four vendor's. lien notes, No. 1 for $240, and Nos. 2, 3, and 4 for $250 each. The notes were made payable to the First National Bank of Rusk, Texas. Each note recited on its face an agreement to pay interest at a rate in excess of 10% per annum. The vendor's lien on the 10.1 acres was expressly reserved in the deed and in each of the notes. Each note also provided for the payment of 10% on the amount due as attorney's fee upon default in payment at maturity and it is placed in the hands of an attorney for collection or if collected by legal proceedings. At or about the time of its purchase, J. W. Bothwell and wife moved on the 10.1 acres of land and have since continuously occupied it as their homestead.

In April, 1920, the Farmers & Merchants State Bank & Trust Company of Rusk, Texas, acquired the notes through a merger with the First National Bank of Rusk, Texas. At that time J. W. Bothwell had paid to the First National Bank the interest and principal of note No. 1 and had paid the interest on the remaining three notes to October 22, 1920. On January 19, 1921, J. W. Bothwell and the Farmers & Merchants State Bank & Trust Company executed an extension agreement, extending the time for payment of said three notes to October 22, 1921, 1922, and 1923, respectively. A like agreement was executed June 16, 1924,

extending time for payment to October 22, 1924. February 23, 1926, J. W. Bothwell paid $400 on said notes.

On June 7, 1928, the Farmers & Merchants Bank filed suit against J. W. Bothwell (Mrs. Minnie Bothwell was never made a party to this suit) to recover the alleged balance due on the notes and to foreclose the vendor's lien on the land. Said suit is referred to in the present record as Cause No. 10477. From a judgment for plaintiff in Cause No. 10477 J. W. Bothwell appealed. The Court of Civil Appeals affirmed the judgment, 19 S.W.2d 923. On writ of error the Supreme Court reversed and remanded the case, because the judgment embraced usurious interest, 120 Tex. 1, 30 S.W.2d 289, 76 A.L.R. 1480. On August 6, 1931, after the case had been remanded by the Supreme Court, the bank procured a conveyance to it of the superior title from the original vendors, J. P. Sears and wife. Whereupon the bank amended its petition in Cause No. 10477 and as holder of said superior title sought rescission and cancellation of the conveyance from Sears and wife to J. W. Bothwell and for recovery of the land. From a judgment in favor of the bank, J. W. Bothwell again appealed to the Court of Civil Appeals and that judgment was also affirmed, 50 S.W.2d 846. The Supreme Court again granted a writ of error, and on hearing held that J. W. Bothwell was entitled to have the several amounts paid by him on the usurious notes credited to the principal; that such credits when so placed showed the debt had been fully discharged, and again reversed and remanded the cause, with instructions to the trial court to deny the bank a recovery of the land, 125 Tex. 488, 82 S.W.2d 945. But on motion for rehearing it was called to the attention of the Supreme Court that the usurious interest in question was paid by J. W. Bothwell to the First National Bank of Rusk, Texas, prior to its merger with the Farmers & Merchants State Bank & Trust Company of Rusk, Texas. Whereupon the Supreme Court, by reason of the Federal Statute (12 U.S.C.A. §§ 85, 86, and cases cited construing same), held:

"That usurious interest [paid] on a note in which a national bank incorporation is payee and owner cannot be credited upon the principal. The only remedy provided for the payor in such case is an original action by him in the nature of an action for debt to recover the penalty." (84 S.W.2d page 230)

The effect of this holding left a balance of $350 remaining unpaid on the vendor's lien notes, and for that reason the Supreme Court on July 3, 1935, granted the motion for rehearing of the Farmers & Merchants Bank & Trust Company and affirmed the judgment of the trial court and of the Court of Civil Appeals, 125 Tex. 488, 84 S.W.2d 229.

On December 24, 1935, Mrs. Minnie Bothwell (joined pro forma by her husband, J. W. Bothwell) filed the present suit against the Farmers & Merchants State Bank & Trust Company tendering to it payment of the $350 balance held to be unpaid on the vendor's lien notes, and prayed that the bank's claims be declared satisfied and cancelled and that she have judgment for title and possession of the land. The bank answered and specially pleaded the above-mentioned judgment rendered in its favor against J. W. Bothwell in Cause No. 10477, as res adjudicata and in bar of the right of plaintiff Mrs. Minnie Bothwell to prosecute the present suit. Plaintiff answered the bank's plea and alleged that she was not a party to and had not appeared or answered in Cause No. 10477 in which judgment was rendered against J. W. Bothwell alone; that because of her community interest in the land and because of her homestead rights therein she was a necessary party to the bank's said suit for rescission and cancellation of the deed made by J. P. Sears and wife to J. W. Bothwell, and for such reason the judgment in Cause No. 10477 was not binding on her, nor was it res adjudicata of her rights in said land. Trial of the case to the court without a jury resulted in judgment that plaintiff take nothing by reason of her suit, to which she duly excepted and has by writ of error prosecuted her appeal to this court.

The trial court prepared and filed his findings of fact and conclusions of law, from which it appears that he was of the opinion that the community estate and homestead rights of Mrs. Bothwell became barred by the judgment rendered against her husband, J. W. Bothwell, in Cause No. 10477, wherein the executory contract of conveyance was rescinded and cancelled and recovery of the land awarded to the bank as holder of the vendor's superior title.

By proper assignments of error and propositions appellant attacks the judgment of the trial court and makes the contention that by reason of her community interest and homestead rights in the land, she was a necessary party to the bank's suit in equity for rescission and cancellation of the conveyance upon which her interest in the land depended, and that a judgment so entered against her husband alone does not bar her rights to pay off the purchase-money debt and retain the land.

There is no contention but that Mrs. Bothwell had a community interest in the land and that she had occupied it as the homestead of herself and husband continuously since the date of its purchase from J. P. Sears and wife on October 22, 1914. On the other hand, the bank held a valid vendor's lien on the land and had acquired the superior title retained by the original vendors, J. P. Sears and wife, to which the community interest and homestead rights of Mrs. Bothwell were subject and inferior. Default had been made in the payment of the vendor's lien notes, and the bank had the right to rescind the conveyance and recover the land. The sole question is: Was Mrs. Bothwell, the wife, a necessary party to that suit?

Appellant cites and relies upon the case of Sharpe v. Landowners Oil Ass'n, 127 Tex. 147, 92 S.W.2d 435, in which the rule concerning cancellation of instruments, including conveyances, is declared as follows (page 436):

"It is settled beyond all question in this state that in a suit to cancel a written instrument all persons whose rights, interests, or relations with or through the subject-matter of the suit will be affected by the cancellation are necessary parties. Business Men's Oil Co. v. Priddy (Tex.Com.App.) 250 S.W. 156; McKay v. Phillips (Tex.Civ.App.) 220 S.W. 176; State National Bank v. Lancaster (Tex.Civ.App.) 229 S.W. 883; Dial v. Martin (Tex.Civ.App.) 8 S.W.2d 241."

The above-quoted rule is broad in its terms but it does not appear to have been held applicable in suits to cancel a conveyance made to the husband, even though the land has become community property and occupied as a homestead—unless the wife's homestead right within itself would constitute a defense, which is not the case here. The leading case in point appears to be Jergens v. Schiele, 61 Tex. 255. In that case Schiele had previously obtained a judgment against the husband, Jergens, cancelling (on the ground of fraud) a deed from Schiele to Jergens conveying land which by virtue of such deed had become community property and the homestead of Jergens and wife, Mary Jergens. The

court held that "to such a suit the wife was not a necessary party" and that the judgment rendered against the husband alone concluded the wife's community interest and homestead rights. The headnote of that case, which is supported by the opinion of the court, reads as follows:

"A judgment against the husband alone, touching community property, is conclusive as to the title to the property upon both husband and wife. Nor is the wife a necessary party to any suit in which the homestead is not available as a defense, merely on account of the fact that the family home is established on the property, unless she has a defense growing out of her homestead rights which would defeat the action, in which event she is a necessary party."

The only difference between the above case and the present case is the difference in the grounds upon which the right of rescission and cancellation was based. In the Schiele Case the right was based upon the ground of fraud on the part of Jergens in procuring the deed. In the bank's case the right was based upon the ground of failure to pay the purchase money.

In Cooley v. Miller, 228 S.W. 1085, Judge McClendon in an opinion by the Commission of Appeals adopted by the Supreme Court, re-expressed the rule declared in Jergens v. Schiele, supra, and collated a number of authorities in which the rule has been applied, from which we quote as follows (page 1086):

"It is not necessary to cite authority upon the now elementary proposition that the wife is not a necessary party to an action against the husband to try the title to, affect an interest in, or foreclose a lien upon community real estate. In determining whether the wife's homestead interest alone renders her a necessary party to an action affecting property impressed with the homestead exemption, the test laid down by our Supreme Court is whether the plea of homestead would in itself be a defense to the suit. The following authorities support this view: Jergens v. Schiele, 61 Tex. 255; San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496; Bean v. Brownwood (Tex.Civ.App.) 43 S.W. 1036; [Central] Coal Co. v. Henry (Tex. Civ.App.) 47 S.W. 281 (writ of error refused); Collins v. Ferguson, 22 Tex.Civ. App. 552, 56 S.W. 225 (writ of error refused); Gillaspie v. Huntsville (Tex.Civ. App.) 151 S.W. 1114; Childress v. Robinson (Tex.Civ.App.) 161 S.W. 78 (writ of error refused); Brown v. Humphrey, 43 Tex.Civ.App. 23, 95 S.W. 23; Breath v. Flowers, 43 Tex.Civ.App. 516, 95 S.W. 26; Mitchell v. Robinson (Tex.Civ.App.) 162 S.W. 443 (writ of error refused); Nunez v. McElroy (Tex.Civ.App.) 174 S.W. 829; Davis v. Cox (Tex.Civ.App.) 176 S.W. 931; Brown v. Foster [Lumber Co.] (Tex.Civ.App.) 178 S.W. 787 (writ of error refused)."

The judgment of the trial court will be affirmed.